No. 24713.

THE PEOPLE OF THE STATE OF COLORADO *v.* JAMES M. BAIRD
AND MICHAEL E. LAFFERTY.
(470 P.2d 20)

Decided June 8, 1970.

114

Floyd Marks, District Attorney, Stanley B. Bender, Chief Deputy, James F. Smith, Deputy, for plaintiff-appellee.

Lamm & Young, for defendant-appellant, James M. Baird.

Edward B. Towen, Morgan Smith, for defendant-appellant, Michael E. Lafferty.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

This is an interlocutory appeal under C.A.R. 4.1 from a decision in the Adams County District Court denying the defendants' motions to suppress evidence.

 The defendants, Baird and Lafferty, were arrested and charged with possession of narcotic drugs and conspiracy to possess narcotic drugs. A search made by police officers authorized by a search warrant turned up marijuana in the possession of both defendants. Defendants argue that the search by the officers was not made (1) pursuant to a valid search warrant, or (2) incident to a lawful arrest, and that the district judge was in error in denying their motions to suppress. We affirm the judgment of the district court denying the motions.

On December 18, 1969, Officer McCall of the Adams County Sheriff's Office presented an affidavit for a search warrant to a county judge. The text of that affidavit is as follows:

"I, _____, An officer authorized by law to execute warrants within the County of Adams, State of Colorado, being duly sworn upon oath says:

"That he has reason to believe that on the person or premises of or at: furthest house on the south-west corner behind 7595 Hwy 85, also for a late model van truck, Illinois plate 290637

"is located certain property to-wit: All implements and accessory to manufacture any type drug or drugs. Also, for any type of narcotic or drugs.

"The facts which give rise to this belief are as follows:

"As to information supplied to me by Investigator Bob Sendle, Narcotic Division of the Arapahoe County Sheriff's Office, from whom a reliable source received information as to the manufacturing of drugs and the possession and sale of same."

I.

The defendants contend that there is an insufficient recitation of facts in the affidavit to support a finding of probable cause to issue a search warrant. We agree

116

that the affidavit is insufficient and that the search warrant was invalid.

 The Fourth Amendment to the United States Constitution, made binding on the states through the Fourteenth Amendment, guarantees that no search warrant shall issue without probable cause supported by oath or affirmation. The existence of probable cause for the issuance of a warrant is to be determined by a neutral and detached magistrate. The United States Supreme Court has held that when the sole source of information concerning probable cause is a secret police informer, then the magistrate can make a finding of probable cause only with some knowledge of the underlying circumstances upon which the informant based his information and some of the underlying circumstances from which the officer concluded that the informant was credible or his information reliable. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

 In *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996, this court pointed out that Article II, Sec. 7 of the Colorado constitution is more restrictive than the Fourth Amendment. While the latter only requires that a warrant issue on the basis of probable cause supported by oath or affirmation, Article II, Sec. 7 requires further that the oath or affirmation be *reduced to writing.* The express requirement of our constitution makes it clear beyond a doubt that sufficient facts to support a magistrate's determination of probable cause must appear on the face of the written affidavit.

 Limiting our review to the facts appearing in the affidavit, we conclude that the affidavit is insufficient to support a finding of probable cause. In the affidavit, Officer McCall did no more than state that he received information as to the manufacturing, possession and sale of drugs from Investigator Bob Sendle who received the information from a reliable source. There is nothing in the affidavit concerning personal knowledge of the facts on the part of either officer, the facts upon which the in-

formant based his information, or the circumstances from which the officers could conclude that the informant was credible or his information reliable. The mere conclusions by the officer provide nothing from which the county judge could have made an independent determination of probable cause; hence, the warrant issued on the basis of the affidavit is a nullity.

## II.

The remaining question is whether the narcotics sought to be suppressed by the defendants were seized during a search incident to a lawful arrest. Because the two defendants were searched and arrested under different circumstances, we find it necessary to discuss them separately in this opinion.

It is clear from the record that the police officers had more information concerning the defendant Baird and his activities than appears in Officer McCall's affidavit. McCall testified that Investigator Sendle had numerous dealings with this particular informant, and that the informant told Sendle that he had purchased narcotics from Baird on the night before the search warrant was obtained.

As McCall and Sendle approached Baird's residence on the day of the arrest, they observed a late model van truck with the license number specified in the search warrant pulling away from the front of the house. They followed the truck for some distance before stopping it. As soon as McCall identified the driver of the van as Baird, he arrested him for possession of narcotics.

At this point, two conclusions can be drawn from the record. First, the officers were proceeding with the intention of placing Baird under arrest and not with the sole intention of conducting a search of the van under the authority of the invalid search warrant. McCall testified that he did not observe the defendant break any law prior to his arrest and had no personal knowledge of any breach of the law by Baird. Yet the officers placed Baird under arrest for possession of narcotic drugs im-

mediately upon identifying him and before any search was made of the van or the person of the defendant.

Second, at the time of the arrest, the officers had knowledge of sufficient facts to justify their conclusion that probable cause existed to make the arrest. Sendle had adequate reason to believe the information given to him by his informant was reliable since he had numerous dealing with this informant on other occasions. The officers had occasion to verify some of the information received from the informant when they discovered and followed the van truck with Illinois plates. See *Lavato v. People,* 159 Colo. 223, 411 P.2d 328.

Under these circumstances it appears that the arrest of Baird was lawful and marijuana was properly seized as the result of a search incident to a valid arrest. The record raises no question of the limit of the search of the defendant. After his arrest, Baird was observed secreting marijuana beneath the seat of the police car. Since the police would have been justified in searching the person of the defendant for marijuana, they were fully justified in seizing the marijuana as the defendant attempted to dispose of it.

A more difficult situation is presented by the subsequent arrest of the defendant Lafferty. After arresting Baird and seizing the marijuana in his possession, McCall and Sendle returned to the residence for the purpose of conducting a search. The door of the house was locked, but the officers observed two persons sitting at a kitchen table with a container in front of them. McCall identified himself as a police officer, and Lafferty came to the door. McCall told the defendant that he was there with a search warrant. At this time the officers observed the second party running from the kitchen with a plastic bag. The officers broke down the door and seized the plastic bag and its contents from the toilet. The contents of the bag appeared to the officers to be marijuana.

At the time the officers approached the house, it was their acknowledged intention to conduct a search

under the authority of the invalid search warrant. Given nothing more in the record this case would clearly be controlled by our decision in *Wilson v. People,* 156 Colo. 243, 398 P.2d 35, wherein this court held that a belief, no matter how well founded, that an article sought is concealed in a dwelling house furnishes no justification for a search of that place without a lawful warrant. Similarly, once the police officers were illegally on the premises, they could not make use of anything observed or seized therein to form the basis for a determination of probable cause to arrest the occupants.

However, there are important circumstances in this case which distinguish it from *Wilson, supra.* In the present case, the police officers had the opportunity to observe certain activity within the residence before they entered and before any search was conducted. Standing outside the door, the police officers were in a place where they had every right to be. They were not required to close their eyes to evidence in plain view, and the sight of such evidence could properly form the basis for a determination of probable cause to make an arrest. *Martinez v. People,* 168 Colo. 314, 451 P.2d 293; *Alire v. People,* 157 Colo. 103, 402 P.2d 610.

As we have so often held, probable cause deals with probabilities which are not technical, but are factual and practical considerations of everyday life on which reasonable and prudent men act. *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236. The officers knew that the person in whose name the residence was listed had just been arrested with suspected marijuana in his possession. They had good reason to believe that a sale of narcotic drugs had taken place at this residence the night before. When they identified themselves as police officers to the defendant Lafferty, they observed the other occupant of the room run from the kitchen with a plastic bag. They knew that marijuana was often carried in such plastic bags. Considering the facts known to the officers and observed by them prior to entering or

searching the premises, we conclude that they entered the building with probable cause to arrest the two occupants within, and that the marijuana in the plastic bag was properly seized in a search incident to a lawful arrest. Under such circumstances, it is of no significance that the actual seizure of the evidence preceded the formal arrest of the defendant. *Lavato v. People, supra.*

We will not apply a super-technical application to Article II, Sec. 7 of our constitution or to the Fourth Amendment to the United States Constitution, but, as we have previously said, will apply the practical considerations of everyday life upon which reasonable men act.

It may be that subjectively the officers believed they had the right to search the house because of the warrant which we have held to be illegal, but that in itself does not make the search illegal if the officers, in reality, had probable cause to make an arrest and a search incident thereto. The legality of the search is not affected by the subjective beliefs of the officers. See *Sirimarco v. United States*, 315 F.2d 699 (10th Cir. 1963), *cert. denied,* 374 U.S. 807, 83 S.Ct. 1696, 10 L.Ed.2d 1032.

The judgment is affirmed.