No. 24861.

The People of the State of Colorado *v.* Robert Alfonso Aguilar and Richard Alfred Strock.

(477 P.2d 462)

Decided December 7, 1970.

A. L. HERRMANN, JR., District Attorney, First Judicial District, State of Colorado, HAROLD J. HEAFER, Chief Deputy, for plaintiff-appellee.

STANLEY J. WALKER, Deputy State Public Defender, for defendant-appellant Robert Alfonso Aguilar.

HOLLEY, BOATWRIGHT AND VILLANO, for defendant-appellant Richard Alfred Strock.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS is an interlocutory appeal from an order of the Jefferson County District Court denying defendants-appellants' pretrial motion to suppress evidence seized from an automobile pursuant to a search warrant. We find no merit to the appeal and therefore affirm.

The record shows that in the early afternoon of March 20, 1970, three men attempted to rob a service station operated by one Vernon T. Morse at 6161 West 48th Avenue in Jefferson County. During the course of the robbery attempt, Morse fired a shotgun and wounded one of the men. However, all three escaped in a Ford automobile described by Morse as "light colored possibly green." Morse immediately notified the police.

Shortly thereafter defendants Strock and Aguilar drove in Strock's blue Ford to the home of Strock's uncle, Henry T. Long. They brought with them a wounded man who was bleeding profusely and was taken into the Long home. Strock and Aguilar then drove the Ford away and returned a short time later on foot. The Ford was discovered in a parking lot approximately one and one-half blocks from the Long home by an investigating officer of the Jefferson County Sheriff's office at 2:17 p.m. of that same day.

In the meantime the Arvada police were notified of the wounded man and, upon arrival shortly before 2 p.m., the police found that the wounded man had died.

Strock and Aguilar were initially questioned by the police without having been advised of their rights. Among the statements made by Strock was that he owned a blue Ford. Defendants were thereafter properly advised of their rights and were taken into custody.

Strock's car was dusted for fingerprints, photographed, visually inspected, and towed to the Jefferson County Sheriff's garage. Two days later on March 23, 1970, a warrant for search of the automobile was issued by the county court based upon an affidavit by Officer Bomer of the Sheriff's office. A search of the auto was then conducted and evidence seized which connected the auto to the attempted robbery. Strock and Aguilar thereafter were charged with attempted robbery and conspiracy to commit robbery. A preliminary hearing was held and the court found probable cause existed to believe that the offenses charged in the information were committed by the defendants.

Thereafter defendants filed motions to suppress, requesting the suppression of all evidence obtained as a result of the execution of the search warrant and the suppression of all statements made by the defendants prior to advisement of their rights. It was agreed that the evidence received at the preliminary hearing might be considered by the court, in addition to the specific evidence offered at the hearing on the suppression motions.

The trial court granted the motion to suppress the statements made prior to advisement, on confession by the district attorney. The court denied the motion to suppress as it related to the evidence seized from the automobile under the search warrant.

I.

■■ The first ground for reversal embraces a theory and argument for suppression which were not contained in the motions for suppression and which were never presented to or considered by the trial court. We disapprove of appellants' raising for the first time new matters on an interlocutory appeal which the trial court was not given the opportunity to consider or resolve. For this reason alone the argument does not warrant consideration. However, viewed on its merits the alleged error is without substance. It is contended that under the "fruit

264

of the poisonous tree" doctrine the discovery and subsequent search of Strock's Ford was the direct result of the illegally obtained statement from him that he owned a blue Ford; and therefore all of the evidence seized from the Ford must be suppressed. We observe that this contention is not based upon the evidence or record, but rather upon assumed facts. The record is devoid of evidence that the officer who discovered the Ford ever knew of Strock's statement; whereas, the victim of the robbery attempt initially reported that the would-be robbers escaped in a "light colored possibly green" Ford. The discovery of the auto and the seizure of the incriminating evidence cannot therefore be said to be the result of an improperly obtained statement.

## II.

■ As a second ground for reversal, defendants contend that the execution of the search warrant did not comply with Crim. P. 41 in that a copy of the warrant was not left with defendant Strock personally. At the time of the search, Strock was confined in jail. Officer Bomer, upon whose affidavit the warrant was issued, after seizure of the evidence exhibited the warrant, receipt and inventory of what was seized to Strock, who admitted this to be so. The copy of the warrant, receipt and inventory was then placed in defendant Strock's locker in the jail which contained his other personal belongings. In the absence of a showing of any prejudice resulting from this particular procedure, we find no reversible error.

## III.

■ The third ground for reversal is that Officer Bomer's affidavit was conclusory, contained hearsay and was generally insufficient to support the county court's determination of probable cause for issuance of the warrant. We disagree. The affidavit recites:

"On March 20, 1970 the Jefferson County Sheriff's Department received a report of an aggravated robbery occurring at the Gas-A-Car No. 5, 6161 West 48th Avenue,

Jefferson County, Colorado in which a Vernon T. Morse, 6161 West 48th Avenue, Jefferson County, Colorado had been on duty at this location and as a result of the robbery had shot and wounded one of the suspects as the suspect was going out of a window sill of the location. Mr. Morse reported to this department that a light colored possibly green Ford was used as a vehicle to transport the other suspects and the wounded man away from the scene.

"On March 20, 1970 the Arvada Police Department received a call from 5537 Newland Way reporting an injured party at that address and requested [sic] an ambulance. It was discovered that the party at this address had been shot and was dead at the arrival of the police department, the clothing worn by this party did match the description given by Mr. Morse of the man he had shot. At approximately 2:17 P.M., March 20, 1970 Investigator Kent Cottrell located a 1966 Ford, blue in color, bearing 1970 Colorado Lic. TL-9348 at the north end of a parking lot at 6621 West 56th Avenue, Arvada, Colorado. Approximately one and one half blocks from 5537 Newland Way. This vehicle had blood smears on the right side of it and also what appeared to be blood on the floor of the vehicle. It was noted that this vehicle did register to a Richard Strock who was at the scene at 5537 Newland Way.

"Investigator Richard Piper responded to this location and took photos and fingerprints of the vehicle as there was reasonable belief that this vehicle had been used in the crime at 6161 West 48th Avenue. The vehicle was towed by Warren Campbell of Silvernails Towing, 8190 West Colfax, to the Jefferson County Sheriff's Department and secured in the sheriff's department's garage. The car during all this time, while being towed, was being followed by Investigator Kent Cottrell and under his personal control."

As measured by the criteria set forth in *Aguilar v. Texas*, 378 U. S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and *Hernandez*

*v. People,* 153 Colo. 316, 385 P.2d 996, followed by *People v. Baird,* 172 Colo. 112, 470 P.2d 20, and *People v. Schmidt,* 172 Colo. 285, 473 P.2d 698, we find the affidavit to be sufficient.

### IV.

■ Next, it is urged that Strock's Ford was searched prior to the issuance of the warrant and that the evidence seized must therefore be suppressed. The trial court found to the contrary and there is ample competent evidence to support such finding.

### V.

■ Lastly, although asserted to the contrary, we find no violation of defendants' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, or under section 7 of article II of the Colorado constitution.

The ruling is affirmed.

MR. JUSTICE DAY not participating.