No. 24928.

THE PEOPLE OF THE STATE OF COLORADO *v.*
ROBERT S. WILSON.
(482 P.2d 355)

Decided February 16, 1971.

STANLEY F. JOHNSON, District Attorney, CHARLES L. SISK, Deputy, for plaintiff-appellee.

WILLIAMS, TRINE and GREENSTEIN, WILLIAM D. NEIGHBORS, for defendant-appellant.

*En Banc.*

Mr. Justice Groves delivered the opinion of the Court.

This is an interlocutory appeal by a defendant charged, among other things, with theft of articles having a value greater than $100. He seeks review of a ruling of the trial court which denied a motion to suppress evidence seized during execution of a search warrant.

I.

The first argument of the defendant is that the affidavit, upon which the search warrant was predicated, did not show probable cause. The affidavit disclosed the following facts:

Articles, including a credit card, had been stolen from a service station. The defendant had been employed by the station and this employment terminated about two weeks prior to the theft. On the day of the theft the defendant was in the service station for no apparent reason. An unknown male, driving the defendant's car, came to the drive-up window of a bank and presented two checks. The teller turned to "check the account number used on the deposit slip, at this time the party became spooked and drove off in a big hurry." Charge account purchases made with the stolen credit card were forged, and the writing on the vouchers was similar to that of the defendant.

In *Gonzales v. People,* 156 Colo. 252, 398 P.2d 236 (1965) it was said:

"In dealing with probable cause, one deals with probabilities. 'These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' *Draper v. United States . . .; Brinegar v. United States. . . .*"

In *People v. Baird,* 172 Colo. 112, 470 P.2d 20 (1970), this language was set forth and the following statement was made:

"We will not apply a super-technical application to Article II, Sec. 7 of our constitution or to the Fourth

Amendment to the United States Constitution, but, as we have previously said, will apply the practical considerations of everyday life upon which reasonable men act."

Under these tests, we affirm the finding of the trial court that the affidavit showed probable cause.

## II.

The only items taken in the search which were designated in the search warrant were the credit card and handwriting samples. A number of other items were seized. The defendant contends that these items should have been suppressed. This point was considered at length in *People v. Henry,* 173 Colo. 523, 482 P.2d 357, announced contemporaneously with this opinion. As we held there, among other requirements concerning searches, when an article seized is not specifically designated in the search warrant, and when it is not *per se* connected with criminal activity, the burden of showing that it is so connected falls upon the People; and, as to this requirement, if the People sustain the burden, the articles should not be suppressed.

In the instant matter, very few of the items seized were shown to be connected with criminal activity, and obviously they are not *per se* connected with criminal activity. As in *Henry,* we remand this matter for further hearing by the trial court on the question of such connection, under the tests enunciated in *Henry,* and for findings and an order concerning those items not specifically designated in the warrant. Since clarification of the law in Colorado to this extent has not been made prior to *Henry,* we regard it as proper to permit district attorneys to attempt to make these showings with respect to hearings on suppression motions held prior to the announcement of *Henry* and this opinion. At hearings on suppression motions in the future, when the district attorney fails to make the requisite showing, the trial court should sustain the motion as it relates to non-specified articles not *per se*

540

connected with criminal activity as limited by *Henry*.

III.

■ The search warrant was issued on March 23, 1970, and the search was made the same day. The Return and Inventory was filed with the court on May 15, 1970. The defendant has presented the argument that the failure to file the return within ten days invalidated the search. We have held otherwise in *People v. Schmidt,* 172 Colo. 285, 473 P.2d 698 (1970).

The order of the trial court is affirmed with respect to the credit card and handwriting samples, and the matter is remanded with the direction to proceed in consonance with the views expressed herein.