Mr. Justice Lee
delivered the opinion of the Court.
This is an interlocutory appeal from an order of the Denver District Court denying defendant-appellant’s motion to suppress evidence. Appellant was charged with possession of narcotic drugs and with conspiracy. After a preliminary hearing the possession count was dismissed on motion and the appellant was bound over to the district court on the conspiracy count.
The only evidence offered at the hearing on the motion to suppress consisted of the testimony of Officer James R. Laurita. His testimony indicated that during the early morning of February 3, 1970, at approximately 2:50 a.m., he and Officer Ramirez, who were on patrol duty, were dispatched to Apartment 4 at 2926 West 37th Avenue in response to a disturbance complaint. Upon arriving in the hallway outside the door of Apartment 4, the officers heard loud music and voices. One voice said: “We are going to leave now, and thanks for the stuff.” The apartment door then opened and two men, Arthur Garcia and Dean Chandler, started out the door. Garcia was described as staggering and with bloodshot eyes. Chandler was described as wavering in his stance and as he proceeded out of the room he bumped into Laurita. As the men emerged from the room, Officer Laurita testified he could smell the odor of marijuana coming from the room. Garcia and Chandler were immediately placed under arrest and turned over to Officer Ramirez. Laurita proceeded into the room and found Douglas Jensen, Bruce Finney and appellant Struckle. Laurita testified that when he first observed Jensen, Jensen had a pipe in his hand which was still smoldering with what was suspected to be marijuana. These three men were im *522 mediately placed under arrest and all five were thereupon searched for weapons.
Upon looking around the room, readily observable on a bookshelf were several aluminum foil wrappings containing suspected hashish. Partially smoked marijuana cigarettes — roaches — were found in an open harmonica case. On the floor next to a record player were a cigarette roller, papers, and a long-stemmed hashish pipe. All of these items were seized and were the subject of the motion to suppress.
Appellant contends that the trial court erred in not granting the motion to suppress, for the reason that the officers’ entry into the premises without a search warrant was illegal. We do not agree and therefore affirm the ruling denying the motion.
Appellant concedes that if the presence of the officers in the apartment was lawful, then the contraband and paraphernalia, being in “plain view,” were lawfully seized. People v. Baird, 172 Colo. 112, 470 P.2d 20; Marquez v. People, 168 Colo. 219, 450 P.2d 349; Alire v. People, 157 Colo. 103, 402 P.2d 610.
Where the officers, as here, were investigating a disturbance, they had a lawful right to enter the apartment to arrest the offending parties. The contraband and paraphernalia being in “plain view,” the seizure was constitutionally permissible.
The ruling is affirmed.