No. 25161.

THE PEOPLE OF THE STATE OF COLORADO *v.* ROBERT BOHBAN PIWTORAK AND RONALD FRANCIS DEMELLO.
(484 P.2d 1227)

Decided May 17, 1971.

ROBERT L. RUSSEL, District Attorney, JOHN T. RIGGS, Deputy, for plaintiff-appellant.

BENTON S. CLARK, JR., for defendants-appellees.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

THIS is an interlocutory appeal by the People for review of a trial court ruling which suppressed certain evidence seized during execution of a search warrant. Defendants Robert Piwtorak and Ronald Demello brought separate motions to suppress certain evidence, to wit: (a) one twenty dollar bill which had been removed from the wallet of defendant Demello; (b) several letters to Robert Piwtorak and an envelope addressed

to Robert Piwtorak; and (c) an Army name tag with the name "Demello" on it, and a set of "dog tags" with the name of "Ronald Francis Demello," on each.

The twenty dollar bill was obtained upon search of defendant Demello after his arrest. He was present during execution of the search warrant at the premises described in the warrant. The other evidence sought to be suppressed was also obtained during execution of the warrant. The warrant described the property to be searched for as "dangerous drugs (amphetamines and L.S.D.) and four twenty dollar bills, U.S. currency, serial numbers G 31650847[?] . . . ." Due to a strikeover in the typing in the search warrant, the last letter of the serial number is unreadable. The seized twenty dollar bill bore the serial number G 31650847B. The search warrant is not challenged except on the basis that it does not particularly describe the evidence sought to be suppressed. The motions to suppress did not seek suppression of the numerous other items and bottles containing suspected dangerous drugs and narcotics.

## I.

We first consider the question of suppression of the letters, the envelope, the name tag and the set of "dog tags." Defendants' argument and the trial court's ruling is that "these items were not sufficiently connected with the items set out in the search warrant affidavit so that, in effect, the People would be having a general search rather than specific search, [sic] general exploratory search which is not allowed." This court recently considered this same question in *People v. Wilson,* 173 Colo. 536, 482 P.2d 355 and in *People v. Henry,* 173 Colo. 523, 482 P.2d 357. Relying on *Warden, Md. Penitentiary v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782, we noted in *Henry* that evidence seized

"[W]ithin the scope of the search authorized by the warrant must be shown to have a nexus with the case in which the motion to suppress is filed and with at least one of the defendants in the case."

We here note further that *Warden, supra,* after stating the "nexus" test states further in the next sentence of the same paragraph that

"[T]hus in the case of 'mere evidence' probable cause must be examined in terms of cause to believe that the evidence sought will aid in a particular apprehension or conviction."

In the instant case, no challenge is made that probable cause did not exist for the scope of the particular search which was made. The objection is made to the seizure of the particular personal effects which serve to identify the person or persons residing at and in control of the premises searched. The record indicates that these personal effects were intermingled with the suspected narcotics and dangerous drugs found on the premises.

The several letters to Piwtorak and an envelope addressed to Robert Piwtorak were found in a small cubbyhole of the desk in the southwest bedroom of the premises. In the same place, there was found a container of hashish, a plastic bag containing what appeared to be marijuana seeds, a plastic bag containing what appeared to be marijuana in a refined state, one white envelope containing six small red tablets suspected of being dangerous drugs, one plastic baggie containing 47 small white double scored tablets suspected of being amphetamine, and additional items, including numerous other letters each containing the name of Robert Piwtorak. The police officer who assisted in the search of the southwest bedroom at the premises also testified that he noted throughout the room numerous letters and papers belonging to Robert Piwtorak. Also, in this bedroom, was found one brown paper bag containing approximately 900 small white tablets suspected of being amphetamine.

With regard to the tag containing the name of "Demello," the following information regarding the place of its discovery is significant. Officer Ricks, who assisted in the search of the northeast bedroom of the

premises, found in the fourth drawer of a chest in that bedroom eight plastic baggies of green vegetable material which appeared to be marijuana. Intermingled with these plastic bags, the police officer found a piece of clothing with the name of "Demello" on it and discovered this identification tag with the name of "Demello" in this drawer.

With reference to the "dog tags" with the name of Ronald Francis Demello on each, they were found in a can located on a table in this bedroom. In addition to the "dog tags," there was found in this can a white envelope containing suspected L.S.D.

■ The record further indicates that prior to the search, police had probable cause to believe that two parties, named Bob and Ron, lived at the premises searched and were selling narcotics and dangerous drugs at these premises. Under these circumstances, we hold that these personal effects, which bore the names of the defendants, were validly seized, since these items may well serve to establish elements of the crimes for which defendants are charged and for the investigation of which crimes the search warrant was issued and executed. *Cf. People v. Schmidt,* 172 Colo. 285, 473 P.2d 698 and the search warrant described therein. That warrant specifically mentioned articles of personal property ". . . tending to establish the identity of person or persons in control of said premises, . . . ."

■ We note the caveat in *People v. Wilson, supra,* that the burden is upon the People at a suppression hearing to show a connection between the evidence seized and the criminal activity for which the search was initiated in order that the evidence not be suppressed. We hold that the People adequately established a most significant connection between the narcotics and the dangerous drugs seized and the evidence sought to be suppressed. In our view, the so-called "nexus" test or "mere evidence" rule as set forth in *Warden, Md. Penitentiary v. Hayden, supra,* is shown to clearly apply

in the instant case based upon the testimony and other evidence presented at the suppression hearing by the People.

## II.

■ We hold that the twenty dollar bill, U.S. currency, serial number G 31650847B was properly seized for two reasons. First, we find that the search warrant correctly described the bill with the exception of the last character of the serial number. The likelihood of defendant Demello's possession of *another bill* with nine identical characters, all in the same sequential order, and having a different tenth character from the bill described in the search warrant, is highly improbable. Hence, we find that there was probable cause to seize the twenty dollar bill, People's Exhibit B, described above. There was reasonable certainty of description.

■ Our second reason upholding the seizure of the bill in question is that it was evidence which was closely connected with the crime for the investigation of which the search warrant was issued, and it was obtained within the scope of the search pursuant to the warrant. Police were aware of the fact that twenty dollar bills had been used to purchase narcotics and dangerous drugs from the parties at the premises and the police had exact descriptions, by serial numbers, of the bills in question. Under our discussion in Part I of this opinion, the seizure of one of these bills pursuant to a proper search for narcotics and dangerous drugs was valid. These facts are to be contrasted with those in *United States v. Jordan,* 216 F. Supp. 310, wherein the currency seized was suppressed because there was no relationship between the $100 bills found and the $100 bills described in the search warrant.

Ruling reversed as to all items of evidence which are the subject matter of this appeal.

Mr. Justice Erickson dissenting.