## No. 25465

**The People of the State of Colorado v. Dominic LaRocco**
(496 P.2d 314)

Decided April 24, 1972.

Jarvis W. Seccombe, District Attorney, Jon Holm, Deputy, Coleman M. Connolly, Deputy, for plaintiff-appellant.

Alex Stephen Keller, for defendant-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an interlocutory appeal under C.A.R. 4.1, brought by the People to reverse an order of the Denver District Court granting appellee's motion to suppress evidence. We affirm the order of suppression.

Appellee was charged with the crime of forgery of an Illinois operator's license, under C.R.S. 1963, 40-6-1. The motion for suppression was directed toward an allegedly forged Illinois driver's license and a blank Illinois driver's license form, which were seized during a search of the premises known as the Banjo Bar, 1761 Market Street, Denver, Colorado.

The search was conducted pursuant to a search warrant which specified many items to be seized, among which were included stolen property, burglary tools, cement finishing tools, guns, ammunition, utility bills, rent receipts, and papers establishing the identity of the person in control of the Banjo Bar. The warrant did not specify the Illinois

driver's license or blank driver's license form which were the subject of the motion to suppress. These documents thus seized formed the basis of the criminal information charging the appellee with the crime of forgery.

The motion to suppress was based upon two grounds: first, the items seized were not described in the search warrant; and, second, the items seized were not contraband, the possession of which was illegal. After an evidentiary hearing, the trial court found that the two items in question were not listed in the search warrant, were not contraband, had nothing to do with the criminal activity under investigation referred to in the affidavit supporting the search warrant, and could not therefore be lawfully seized. The motion to suppress was therefore granted.

The record of proceedings in the trial court shows that after appellee's motion to suppress was granted an interlocutory appeal was initiated in this Court. This was later dismissed on motion of the People when it was indicated the trial court would permit a rehearing on the motion to suppress. The court on rehearing reaffirmed its previous order granting the motion to suppress. It has been necessary to examine the record lodged in the first interlocutory appeal, as well as that supplied for this appeal, in order that a complete review might be made of the issues raised by the People.

The records show that Officers Mulnix and Grubb were assigned to the organized crime unit in the Denver Police Department and participated in the search of the Banjo Bar with other officers. They were not present when the search was initially commenced, being engaged in other duties. Officer Mulnix testified that while on the way to the Banjo Bar Officer Grubb advised him to be on the lookout for forged Illinois driver's licenses, and, in particular, one that had been allegedly forged by the defendant for Jane Dodge, a minor, who needed the license in her stage name of Susan Lampe, showing that she was over the age of 21 years. Mulnix testified he did not have probable cause to believe the driver's license would be located at the Banjo Bar. He stated

that he searched the area behind the bar, presumably looking for papers to identify the person in control of the Banjo Bar, and that he found the driver's license in the name of Susan Lampe and the blank license form in an open cigar box located near the cash register on the backbar. The cigar box contained other papers and miscellaneous items.

At no time did the defendant attack the validity of the search warrant or supporting affidavit. His attack was directed only to the seizure of the specific items — the allegedly forged driver's license and the blank license form.

The People contend that the seizure was valid in that the items constituted contraband and were in "plain view," relying upon *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564; *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067; *People v. Henry,* 173 Colo. 523, 482 P.2d 357. Assuming the documents in question were in plain view, we do not agree with the People's characterization that they were contraband. We point out that at the time of the seizure the Illinois driver's license was *allegedly* forged, a fact yet to be established. True, as counsel points out, our statute forbids possession of a "fictitious" operator's license. C.R.S. 1963, 13-4-28. However, here, the license was merely suspected of being fictitious and a forged document at the time it was seized. Rather than contraband, a more accurate characterization would be that it constituted evidence of criminal activity yet to be proved, as is demonstrated by the filing of the criminal charge of forgery three months later.

Not having been designated in the search warrant, and being evidence only, in order that it might be lawfully seized, a nexus must have been shown connecting it with the criminal activity being investigated under the search warrant. *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782. In *People v. Piwtorak,* 174 Colo. 525, 484 P.2d 1227, where the search and seizure allegedly went beyond the items specified in the warrant, it was stated:

"* * * The burden is upon the People at a suppression hearing to show a connection between the evidence seized

and the criminal activity for which the search was initiated in order that the evidence not be suppressed.* *·*"

See also, People v. Wilson, 173 Colo. 536, 482 P.2d 355; People v. Henry, supra.

To countenance seizure of evidence not specified in the warrant and unrelated to the criminal matters under investigation would open wide the doors to general searches and seizures based upon mere suspicion but not upon probable cause as constitutionally required. Mr. Justice Stewart, in his concurring opinion in Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542, states the caveat as follows:

"* * * To condone what happened here is to invite a government official to use a seemingly precise and legal warrant only as a ticket to get into a man's home, and, once inside, to launch forth upon unconfined searches and indiscriminate seizures as if armed with all the unbridled and illegal power of a general warrant."

█ Not having demonstrated that the items here seized were fruits, instrumentalities, contraband, or evidence connected with the criminal activity being investigated under the search warrant, and no probable cause being shown for their seizure, the order of suppression was proper.

The ruling is affirmed.

MR. CHIEF JUSTICE PRINGLE not participating.