The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Nathaniel JONES, Defendant–Appellee.

No. 88SA174.

Supreme Court of Colorado, En Banc.

Jan. 17, 1989.

James F. Smith, Dist. Atty., John R. Parsons, Deputy Dist. Atty., Brighton, for plaintiff-appellant.

David F. Vela, State Public Defender, James M. Aber, Deputy State Public Defender, Brighton, for defendant-appellee.

ERICKSON, Justice.

This is an interlocutory appeal by the prosecution pursuant to C.A.R. 4.1, to review an order suppressing evidence found in the wallet of defendant Nathaniel Jones after he was arrested. We reverse and remand for further proceedings consistent with this opinion.

Aurora police officers filed an affidavit to secure a search warrant which set forth facts describing an investigation of Nathaniel Jones, Lydia Reynolds, and the sale of cocaine in a residence at 1648 Akron Street. With the assistance of a confidential informant, who was equipped with a hidden transmission device, a purchase of four bindles of cocaine was made with a marked $100 bill provided by the police. The police officers heard the confidential informant make arrangements to buy the cocaine and monitored the transaction through the transmission device. After determining that the substance purchased was cocaine, the police officers obtained a search warrant. The search warrant was issued for immediate entry into Jones's residence and authorized the police to enter the premises without knocking.

When the police officers entered the residence pursuant to the search warrant they found Jones in bed, wearing only a pair of shorts, and arrested him. After his arrest, Jones requested that he be allowed to put on his pants. Before giving him his pants, a police officer searched the pockets and found a wallet containing the defendant's driver's license and approximately $450 in

cash in addition to the marked $100 bill[1] that had been used by the confidential informant to purchase the four bindles of cocaine. Execution of the search warrant resulted in the seizure of a substantial amount of cocaine, firearms, and drug paraphernalia.

Charges were filed against Jones for possession and distribution of cocaine in violation of section 18–18–105, 8B C.R.S. (1986), and two counts of conspiracy to possess and distribute cocaine in violation of section 18–2–201, 8B C.R.S. (1986). Jones filed a motion to suppress that was granted in part, asserting that the search warrant and the supporting affidavit were insufficient and that the warrant was illegally executed.

## I.

■ When the police officers prepared the affidavit for a search warrant, they had probable cause to believe that Nathaniel Jones had sold four bindles of cocaine to their confidential informant at 1648 Akron Street. The affidavit was sufficient to support the issuance of a search warrant. *See People v. Rayford*, 725 P.2d 1142 (Colo. 1986); *People v. Ball*, 639 P.2d 1078 (Colo. 1982). The entry by the police officers was pursuant to the search warrant and resulted in Jones's arrest, and a search incident to the arrest. *See Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).

The trial court suppressed the $100 bill described in the affidavit because it was not identified by a serial number in the warrant or affidavit. *People v. Piwtorak*, 174 Colo. 525, 484 P.2d 1227 (1971). Under *Piwtorak*, the omission of the serial numbers of marked currency does not in all instances invalidate the seizure of the currency. Had the currency that was used to purchase the cocaine been identified in the affidavit by serial number, the issues raised in this case would have been avoided.

## II.

■ In this case, if the search warrant was insufficient because of the omitted serial numbers, the seizure of the $100 bill was still valid as a search incident to a lawful arrest. Police officers making a lawful arrest are permitted to make a reasonable search of the arrestee's person and the area within the arrested person's immediate control. *United States v. Robinson*, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Gustafson v. Florida*, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *People v. Hufnagel*, 745 P.2d 242 (Colo.1987). *See also* 2 La-Fave, *Search and Seizure: A Treatise on the Fourth Amendment*, § 6.3 (2d ed. 1987). The purpose of a search incident to an arrest is to avoid destruction of evidence and to protect the arresting officers. *Chimel*, 395 U.S. at 763, 89 S.Ct. at 2040; *People v. Dandrea*, 736 P.2d 1211, 1216 (Colo.1987). When a person is arrested, a warrantless search of the person and the seizure of his wallet is incident to the arrest, and is reasonable and not a violation of the fourth amendment. *United States v. Ziller*, 623 F.2d 562 (9th Cir.1980); *United States v. Castro*, 596 F.2d 674 (5th Cir.1979); *United States v. Sheehan*, 583 F.2d 30 (1st Cir.1978); *United States v. Swofford*, 529 F.2d 119 (8th Cir.1976); *United States v. Gardner*, 480 F.2d 929 (10th Cir.1973); *United States v. Simpson*, 453 F.2d 1028 (10th Cir.1972).

## III.

Probable cause existed for the arrest of Jones. The trial judge held that because the wallet was not on Jones's person at the time of his arrest, the wallet was not within Jones's immediate control and could not be searched. We disagree.

In *Hufnagel*, we addressed the issue of the scope of "immediate control" and concluded that as long as the search is made contemporaneously with or immediately following the arrest and is confined to the immediate area around the arrested person, the search is constitutional even if the ar-

---

1. The $100 bill was marked by the police by prerecording the serial numbers.

rested person is physically unable to reach the area searched. *Hufnagel,* 745 P.2d at 247, 248. Although Jones may not have been able to reach the wallet at the time of the arrest, the record reflects that the pants were within the immediate area around him. Jones wanted his pants and specifically asked for them. The search of Jones's wallet produced the $100 bill used to purchase the cocaine and could have been destroyed by Jones.

Since the search and the seizure of the $100 bill from defendant's wallet was incident to a lawful arrest, we need not address the remaining issues raised by the prosecution. The order of the trial court granting defendant's motion to suppress is reversed and the case is remanded for further proceedings consistent with this opinion.

MULLARKEY, J., dissents and KIRSHBAUM, J., joins in the dissent.

MULLARKEY, Justice, dissenting:

This case involves a four-count information against Nathaniel Jones and Lydia Mae Reynolds charging them with possession of cocaine, distribution of cocaine, conspiracy to possess cocaine and conspiracy to distribute cocaine. *See* majority opinion at 237. Our rule and the parallel statute permit the state to take an interlocutory appeal from a trial court order granting a motion to suppress evidence if the appeal is not taken for purposes of delay and "the evidence is a substantial part of the proof of the charge pending against the defendant." C.A.R. 4.1(a); § 16–12–102(2), 8A C.R.S. (1986). On the record before us, I conclude that the prosecution has failed to show that the marked one hundred dollar bill is a "substantial part" of the proof of the four charges.

The search warrant inventory in the record indicates that the items which the police recovered from the residence at 1648 Akron Street included: thirty-six bindles or containers of cocaine totalling 46.6 grams, several unidentified capsules and tablets, drug paraphernalia, stereo equipment, computers, four handguns with ammunition, identification papers, $546 in currency,[1] and two television sets. The drug paraphernalia included, for example, used implements containing traces of cocaine and eight bags of syringes. Also pursuant to the search warrant, the police found in Jones' car and seized thirty-three bindles of unspecified weight containing suspected cocaine.

In addition to this evidence, the prosecution also has evidence of the controlled "buy" made by its confidential informant which includes the cocaine purchased by the confidential informant at 1648 Akron Street and a tape recording of the conversation between the confidential informant and one of the occupants at that address. The police officer who executed the affidavit stated that she overheard a telephone conversation between the confidential informant and Nathaniel Jones setting up the controlled buy. Another police officer observed the confidential informant's movements to and from Jones' residence.

Given this evidence, which may be only a partial summary of the evidence available to the prosecution, I would find that this case does not meet the test of C.A.R. 4.1(a) and section 16–12–102(2). Therefore, I would dismiss the appeal.

I am authorized to say that KIRSHBAUM, J., joins in this dissent.

---

1. The inventory does not list any one hundred dollar bill. In my opinion, that omission disposes of the prosecution's contention on appeal that the marked bill was seized pursuant to the search warrant.