21 F.3d 420
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
William L. FERREIRA, Defendant, Appellant.
 No. 93-1591
 United States Court of Appeals,
First Circuit.
 March 28, 1994.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Walter Jay Skinner, U.S. District Judge ]
 William L. Ferreira on brief pro se.
 A. John Pappalardo, United States Attorney, and S. Theodore Merritt, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Defendant/appellant William L. Ferreira was convicted of armed bank robbery, see 18 U.S.C. Sec. 2113(d), conspiracy to commit bank robbery, see 18 U.S.C. Sec. 371, and use of a firearm during a crime of violence, see 18 U.S.C. Sec. 924(c). Following an aborted appeal from his conviction, and approximately two years after mandate issued, Ferreira filed a motion for new trial, pursuant to Fed. R. Crim. P. 33, based on the ground of newly discovered evidence. This evidence is a sealed affidavit of FBI Special Agent James Burleigh, which accompanied the government's opposition to defendant's motion to quash a grand jury subpoena. The district court denied the motion for new trial, and this appeal followed.
 
 Background
 
 2
 The following facts are undisputed. On October 18, 1988, the Bank of New England on Rockdale Street, Braintree, Massachusetts was robbed. Shortly after the robbery, Lieutenant Donald Murphy of the Braintree Police Department observed four individuals descend an embankment in the South Shore Shopping Plaza, speak briefly, and then depart in two separate cars. Believing that these four persons were the robbers, Lieutenant Murphy followed one of the two cars and arrested its occupants-John Maguire and Thomas Kavanagh. The next day, Lieutenant Murphy was shown a photographic array, and identified Robert Hickey as the driver of the other car.
 
 
 3
 Approximately six weeks later, Ferreira received a grand jury subpoena to appear in a lineup. Ferreira filed a motion to quash the subpoena, claiming that the subpoena was "nothing more than harassment for his past activities."[1] The government filed an opposition to the motion, supported by Special Agent Burleigh's affidavit. The affidavit was filed in camera, ex parte, and was subsequently sealed upon motion by the government.[2] The district court denied the motion to quash and ordered Ferreira to appear in the line-up.
 
 
 4
 In a lineup conducted on December 19, 1988, Lieutenant Murphy identified Ferreira as the fourth robber. That same day, Ferreira was indicted by the grand jury. Evidence of Lieutenant Murphy's identification of Ferreira at the lineup was later introduced at trial. Ferreira was found guilty, and he appealed. The appeal was dismissed on January 16, 1991, upon Ferreira's motion for voluntary dismissal.
 
 
 5
 On June 2, 1992, the government provided Ferreira with a copy of Special Agent Burleigh's sealed affidavit. Ferreira then filed a motion for new trial contending, inter alia, that the affidavit contained two misleading statements and omitted material information. Ferreira further argued that if the district court had been made aware of these alleged falsehoods, the court would have granted the motion to quash, the lineup would not have occurred, and the government would not have had enough evidence to make a case against him. The district court denied the motion for new trial on the grounds that "the motion to quash the grand jury subpoena was without basis and should have been denied regardless of the affidavit."[3]
 
 DISCUSSION
 
 6
 It is well-established that a motion for new trial based on newly discovered evidence will be denied unless the moving party can establish each facet of the following four-part test:
 
 
 7
 (1) the evidence was unknown or unavailable to the defendant at the time of trial; (2) the failure to learn of it was not a result of the defendant's poor diligence; (3) the new evidence is material; and (4) the impact of the new evidence is so strong that an acquittal would probably result upon retrial.
 
 
 8
 United States v. Slade, 980 F.2d 27, 29 (1st Cir. 1992). We will not disturb the disposition of a new trial motion unless the district court abused its discretion or misapplied the law.
 
 
 9
 United States v. Rothrock, 806 F.2d 318, 321 (1st Cir. 1986). We find no such error here.
 
 
 10
 The investigatory powers of the grand jury, although not unlimited, are necessarily broad. See United States v. R. Enters., Inc., 498 U.S. 292, 297 (1991) (stating that the function of the grand jury is to inquire into all information that might possibly bear on its investigation); United States v. Dionisio, 410 U.S. 1, 15 (1973) (recognizing that the grand jury's investigatory powers include the right to "act on tips, rumors, evidence offered by the prosecutor, or their own personal knowledge"). We have explicitly recognized the power of the grand jury to direct witnesses to appear in a lineup. In re Melvin, 550 F.2d 674 (1st Cir. 1977). Although a judge, acting pursuant to Fed. R. Crim. P. 17(c), has the power to quash a subpoena if compliance would be unreasonable or oppressive, "a grand jury subpoena issued through normal channels is presumed to be reasonable, and the burden of showing unreasonableness must be on the recipient who seeks to avoid compliance." R. Enters., Inc., 498 U.S. at 301.
 
 
 11
 In his motion to quash the grand jury subpoena, Ferreira utterly failed to meet his burden of showing unreasonableness. See In re Pantojas, 628 F.2d 701, 704 (1st Cir. 1980) (ruling that appellant who claimed that grand jury investigation was being used by prosecutor to harass him failed to carry his burden to demonstrate why lineup could not be of use to grand jury). Indeed, his association with the other suspects and, in particular, his connection with Hickey, with whom he had once committed a similar crime, support the legitimacy of the subpoena. See United States v. Sheehan, 583 F.2d 30, 32 (1st Cir. 1978) (commenting that it would seem to be respectable police work to check out known associates of a suspect in a bank robbery committed by several people). But cf. In re Melvin, 550 F.2d at 677 (suggesting that it might be an abuse of the grand juries' power "to call certain individuals with known criminal proclivities to appear repeatedly in lineups") (emphasis added).
 
 
 12
 In sum, we agree with the district court that Ferreira's motion to quash should have been denied regardless of the challenged affidavit.[4] Since the new evidence would not have produced a different result below, defendant's new trial motion fails to meet the materiality prong of the four part test. Accordingly, the motion was properly denied.[5]
 
 
 13
 Affirmed.
 
 
 
 [1]
 In particular, Ferreira contended that the sole basis for the subpoena was his previous criminal record for bank robbery and his relationship with the other suspects. The other suspects were acquaintances from Ferreira's old neighborhood. One of the suspects, Hickey, is Ferreira's brother-in-law, and had been his co-defendant in a previous bank robbery case
 
 
 [2]
 Ferriera unsuccessfully sought access to the affidavit
 
 
 [3]
 Ferreira's remaining arguments in his motion for new trial, which we do not detail here, were not addressed by the district court. None of these remaining claims are based on newly discovered evidence, and Ferreira does not attempt to argue otherwise. Accordingly, these claims are barred by Fed. R. Crim. P. 33's seven day time limit, and the district court lacked jurisdiction to consider them. See United States v. Lema, 909 F.2d 561, 565 (1st Cir. 1990) (stating that Rule 33, which provides seven days in which a motion for new trial may be filed, unless based on newly discovered evidence, is jurisdictional)
 
 
 [4]
 In so ruling, we refrain, as did the district court, from making any comment on whether the challenged representations in the affidavit were misleading
 
 
 [5]
 We also reject Ferreira's claim that he should have been given a hearing on his motion for new trial. Rule 33 motions are frequently ruled upon without hearing, see Lema, 909 F.2d at 568 n. 10, and there was no need to conduct an evidentiary hearing here