No. 24732.

THE PEOPLE OF THE STATE OF COLORADO *v.*
STEVEN R. SCHMIDT.
(473 P.2d 698)

Decided July 20, 1970.

286

JAMES D. MCKEVITT, District Attorney, GREGORY A. MUELLER, Assistant, JARVIS W. SECCOMBE, Chief Deputy, EDWARD A. SIMONS, Deputy, for plaintiff-appellee.

FRANCIS R. SALAZAR, BAILEY BELFOR, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS is an interlocutory appeal from an order of the Denver District Court denying defendant-appellant's motion for return of property and to suppress evidence.

On January 21, 1970, a search warrant was issued by the Denver County Court, authorizing a search of defendant's room in Centennial Hall at 1870 South High Street in Denver. As a result of the search and seizure conducted pursuant to the warrant, defendant and co-defendant, not a party to this appeal, were arrested and charged in the district court by direct information with the crimes of possession of narcotic drugs (Cannabis) and conspiracy to possess narcotic drugs.

Defendant filed his motion for return of property and to suppress evidence, alleging nine grounds in support thereof, all of which were overruled by the trial court. Defendant contends error was committed by the court in denying his motion, for the following reasons: First, the Affidavit for Search Warrant was insufficient to show probable cause because of the failure of the affidavit to particularly describe the things to be seized as required by the fourth amendment to the United States Constitution and because of a failure to describe the things to be seized "* * * as near as may be * * *" as required by section 7 of article II of the constitution of the State of Colorado; second, that the affidavit was insufficient because of a failure to set forth the underlying facts and circumstances from which an independent judicial determination of probable cause could be made; and, third, the Return and Inventory failed to comply with Colo. R. Crim. P. 141 and therefore amounted to a denial of due process of law guaranteed by the fourteenth amend-

ment to the United States Constitution and of section 25 of article II of the constitution of the State of Colorado. We do not agree with defendant's contentions and therefore affirm the judgment of the district court.

I.

The property sought to be seized is described in the search warrant as follows:

"Marijuana, (Cannabis Sativa L.) Dangerous Drugs, Stimulant Drugs, and Hallucinogenics, as defined in House Bill #1021 as enacted by the General Assembly of the State of Colorado, Together with such vessels, implements, and furniture in which drugs are found and the vessels, implements, and furniture used in connection with the manufacture, production, or dispensing of such drugs and articles of personal property tending to establish the identity of person or persons in control of said premises, consisting in part and including, but not limited to utility company receipts, cancelled mail envelopes, rent receipts, photographs and keys."

In *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684, the constitutional requirements are said to be "practical and not absolute" and must be tested in a "common sense and realistic fashion."

"* * * Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting." *United States v. Ventresca, supra.*

This Court approved the foregoing guideline of construction in *Stewart v. People,* 161 Colo. 1, 419 P.2d 650. Measuring the sufficiency of the warrant in the present case by the foregoing tests, we find it not to be so deficient in particularity as to render it invalid under either the United States Constitution or the constitution of Colorado. The constitutional language "particularly describing the thing to be seized" or "as near as may be" should

be given a reasonable interpretation commensurate with the type of property sought to be seized so that the officer charged with the duty of executing the warrant will be advised with a reasonable degree of certainty of the property to be seized. *North v. State,* 159 Fla. 854, 32 So.2d 915. In the early case of *State v. Nejin,* 140 La. 793, 74 So. 103, the rationale concerning the degree of particularity of description is stated to be one of necessity. If the purpose of the search is to find a specific item of property, it should be so particularly described in the warrant as to preclude the possibility of the officer seizing the wrong property; whereas, on the other hand, if the purpose is to seize not a specific property, but any property of a specified character, which by reason of its character is illicit or contraband, a specific particular description of the property is unnecessary and it may be described generally as to its nature or character.

In *People v. Walker,* 250 Cal. App. 2d 214, 58 Cal. Rptr. 495, the search warrant was issued for "narcotics consisting of dangerous drugs, heroin and marijuana, together with paraphernalia instrumental in the use of said contraband." The court found such to be described with "reasonable particularity." Also, in *People v. Fabela,* 272 A.C.A. 142, 77 Cal. Rptr. 183, it was found that constitutional requirements were satisfied by a search warrant description consisting of "narcotics, dispensing paraphernalia and other articles such as rent and utilities receipts showing control of the premises." *Cf. Steele v. United States,* 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (concerning "cases of whiskey") and *Nuckols v. United States,* 69 App. D.C. 120, 99 F.2d 353, *cert. denied,* 305 U.S. 626, 59 S.Ct. 89, 83 L.Ed. 401 (concerning "gambling devices"). We find the description of the property to be seized in the present case to meet the constitutional requirements, taking into consideration the inherent nature and character of such property.

## II.

■■ Defendant contends the statement of facts and

circumstances recited in the affidavit was insufficient to support the county court's judicial determination of probable cause for issuance of the warrant. As is required by section 7 of article II of the Colorado constitution, sufficient facts must appear on the face of the written affidavit to support the county court's determination of probable cause. *People v. Baird,* 172 Colo. 112, 470 P.2d 20; *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996. Additionally, the content of the affidavit must meet the tests established by *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723, where Mr. Justice Goldberg speaking for the court said:

"Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones v. United States,* 362 U.S. 257, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf v. United States,* 376 U.S. 528, was 'credible' or his information was 'reliable.' * * *"

As measured by the foregoing, it is our view that the affidavit, read as a whole, fairly meets the standards delineated in *Baird, Hernandez* and *Aguilar.*

Analyzing the affidavit we find that the affiant, Detective Frazzini, had personal knowledge that defendant was a user and seller of marijuana and dangerous drugs and that the affiant had received anonymous phone calls concerning defendant's narcotics activities. Such in itself would be insufficient to support a finding of probable cause. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; *Nathanson v. United States,* 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159. The same is true as to the information received by affiant from Officer Pietrafeso. *Zesch v. People,* 159 Colo. 19, 409 P.2d 522. However, the balance of the affidavit contains a sufficiently detailed statement of underlying facts and circumstances upon

which the county court could reasonably conclude that the contraband was probably located within the premises sought to be searched. Likewise, a basis for concluding that Detective Frazzini's informant was "credible" and the information supplied was "reliable" is found in affiant's statement that the informant's previously furnished information resulted in seizure of narcotics and arrests of suspects. *Bean v. People,* 164 Colo. 593, 436 P.2d 678; *United States v. Bridges,* 419 F.2d 963 (8th Cir. 1969); *United States v. Vigo,* 413 F.2d 691 (5th Cir. 1969); *United States v. Kidd,* 407 F.2d 1316 (6th Cir. 1969); *Schutz v. United States,* 395 F.2d 225 (10th Cir. 1968).

 Defendant argues that the lapse of time of five days from January 16, 1970 (the last time the informant was in defendant's room and observed the presence of marijuana) until January 21, 1970, the date of the affidavit, effectively negates the inference of the presence of narcotics in defendant's room on the 21st of January, and consequently invalidates the warrant. This argument might be persuasive were the statement of the underlying facts and circumstances limited to an isolated narcotics transaction. Here, the affidavit indicates a series of drug transactions extending over a period of time. It is reasonable to infer, therefore, a continuation of the alleged illegal activity into the future, and a lapse of five days would not be a significant factor. The following cases are concerned with this problem, and delays held not to be unreasonable, as hereafter indicated: *Irby v. United States,* 114 App. D.C. 246, 314 F.2d 251, *cert. denied,* 374 U.S. 842, 83 S.Ct. 1900, 10 L.Ed.2d 1064 (8-day delay); *Nuckols v United States, supra* (19-day delay); *United States v. Long,* 169 F. Supp. 730 (11-day delay); *Franklin v. State,* 437 S.W.2d 260 (Tenn. Crim. App.) (17-day delay). Each case must be determined on its own facts. Here, we find no invalidity resulting from the 5-day delay.

### III.

Defendant's last contention is that there was a failure

of the Return and Inventory to comply with Colo. R. Crim. P. 141(d) and that such failure amounts to a denial of due process of law. We note here there is no evidentiary record concerning the method of execution of the warrant, how or in whose presence the property was seized and the inventory made, and if a receipt was in fact given for the items taken. We are therefore confined in our review to an examination of the Return and Inventory and any admissions appearing in the record or briefs of noncompliance with the rule.

████ We observe at this point that the requirements of the rule relating to the making of the return and inventory are ministerial in nature and a failure to comply does not render the search warrant or the seizure of the property pursuant thereto invalid. *Rose v. United States*, 274 F.245 (6th Cir. 1921); *Evans v. United States*, 242 F.2d 534 (6th Cir. 1957); *Brown v. People*, 158 Colo. 561, 408 P.2d 981. In *Rose* the court pointed out that failure to make a proper return could always be corrected at a later time in the proceedings. Deficiencies, if any exist in the return in the present instance, can always be corrected by order of court.

███ Defendant has asserted he was somehow deprived of due process of law by reason of the alleged deficiencies in the Return and Inventory. We have examined each matter raised concerning the Return and Inventory. We find no prejudicial error.

The judgment is affirmed.