No. 25135.

THE PEOPLE OF THE STATE OF COLORADO *v*. FELIPE CHAVEZ.
(485 P.2d 708)

Decided June 1, 1971.

CARL PARLAPIANO, District Attorney, CECIL L. TURNER, Deputy, for plaintiff-appellee.

ALAN N. JENSEN, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS is an interlocutory appeal from an order denying a motion to suppress the introduction of marijuana in evidence. We approve the order.

A police officer had information from an informant that the two occupants of a certain motor vehicle were selling marijuana. The testimony of this officer disclosed that the information furnished by the informant and the reliability of the informant were such as to meet the tests of *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369 (1971); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1966), as to probable cause to support the issuance of a search warrant. This officer was joined by another officer, and they jointly kept the suspected vehicle under surveillance for 45 minutes. The occupants then returned to the car and started to drive away. While the officers were in the process of stopping this car, which was driven by the defendant, they observed that the passenger in the car was apparently placing something under

the front seat. When the car was stopped, the officers ordered the men out, seized marijuana that was in plain view on the right front floor of the car, and arrested the occupants.

Since there was probable cause to obtain a warrant to search the car, the officers had the right to stop and search it without a warrant. *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

One of the officers then obtained a search warrant and acting thereunder found marijuana not in plain view in the car.

The defendant argues that the officers had no right to stop the car. This is already disposed of by our statement that there was probable cause to search. He contends that during the 45-minute period of surveillance prior to the search and arrest, the officers should have obtained a search warrant. During most of this time the car was parked and unoccupied, and the officers waited for the occupants to return to it. We not only find that there is no merit in the argument, but would regard it as poor police procedure if the surveillance was suspended in order to obtain a warrant when there was a likelihood that the car would be driven away during that period of time. Another argument presented is that there was no probable cause to issue the search warrant. As we have already indicated, the officers could have searched the car completely without a search warrant. The other arguments presented are without merit.

We find the facts of this case similar to those of *Martinez v. People,* 168 Colo. 314, 451 P.2d 293 (1969).

Ruling affirmed.