No. 24756.

THE PEOPLE OF THE STATE OF COLORADO
*v.* ARIE KENNARD, JR.
(488 P.2d 563)

Decided September 13, 1971.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, RICHARD G. MCMANUS, JR., Assistant, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, J. D. MAC-FARLANE, Chief Deputy, KENNETH J. RUSSELL, Deputy, for defendant-appellant.

*En Banc.*

Mr. Justice Erickson delivered the opinion of the Court.

Arie Kennard, Jr., the appellant herein, was charged with breaking and entering a motor vehicle with intent to commit theft. He was tried before a jury and found to be guilty as charged. Thereafter, he brought this appeal alleging that the trial court erred in failing to suppress certain articles which were seized from his person and taken from the trunk of his automobile at the time of his arrest. In particular, he asserts that the seizures were not incident to a valid arrest and that the search of the trunk of his car was not conducted pursuant to a warrant or with his consent.

The appellant's contention that his arrest was not shown to have been based on probable cause is wholly without merit. At the hearing on the motion to suppress, prosecution testimony established that the arrest occurred shortly after the theft and was premised on information elicited from several witnesses as well as the statement of the victim. These individuals described the automobile driven by the thief and the clothing that he wore. In addition, the victim provided the investigating officer with a list of the items stolen from his automobile. While the police officer prepared the official report, one of the eyewitnesses ran up and told him that the Toronado turning around in front of them was the vehicle involved in the theft. As the Toronado sped away, the officer radioed a description of the vehicle and its approximate location to other police officers. The officer then gave chase and located the vehicle and its occupants several blocks away after it had been stopped by a fellow officer. The vehicle matched the description given by the witnesses and was the same vehicle observed moments earlier. Furthermore, the defendant, who was driving the car, was wearing clothing previously described as being worn by the thief. While the police were questioning the appellant, he consented to the search of

the car and its trunk, and a search was commenced. Thereafter, he attempted to withdraw his consent. After consent has been granted to conduct a search, that consent cannot be withdrawn. Numerous stereo tape cartridges similar to those stolen were also observed on the front and back seats of the defendant's automobile, and some of the stolen items were found in the trunk.

Furthermore, in conducting the investigation, additional facts were obtained from the victim which caused the officers to formally arrest the appellant. The facts indicate that the police had probable cause to make an arrest prior to the time that a formal arrest was made. Clearly, the defendant's arrest was supported by probable cause, and the articles seized incident thereto were properly admitted into evidence. *See Falgout v. People,* 170 Colo. 32, 459 P.2d 572 (1969); Comment, *Scope of Searches Incident to Arrest,* 43 U.Colo.L.Rev. 63 (1971). *See also People v. Chavez,* 175 Colo. 25, 485 P.2d 708 (1971); *People v. Woods,* 175 Colo. 34, 485 P.2d 491 (1971); *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

Judgment affirmed.