No. 24166.
RALEIGH DYSON AND ARCHIE DEAN WALKER *v.* THE PEOPLE
OF THE STATE OF COLORADO.
(488 P.2d 1096)

Decided September 27, 1971.

FRANK J. REINHARD, JR., for plaintiffs in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE,

Deputy, ROBERT L. HOECKER, Assistant, for defendant in error.

*En Banc.*

GEORGE V. KEMPF, District Judge*, delivered the opinion of the Court.

PLAINTIFFS in error, hereinafter referred to as defendants, were charged with grand theft, burglary, and conspiring to commit burglary of the Joslin Dry Goods Company store at Villa Italia on September 26, 1968.

Upon trial by jury, defendants were found guilty of all charges and were subsequently sentenced to the Colorado State Reformatory. Present counsel did not represent defendants in the trial court.

The evidence given on trial consisted of the testimony of nearby apartment dwellers who had observed unusual activity at 11:30 p.m. in the Villa Italia Shopping Center where the store is located. A loud noise as of breaking glass was heard and two cars were seen as well as several persons going between them and the store. One vehicle was described as light colored and the other as red or maroon. The witnesses reported the activities to the Sheriff's office and by radio various patrol cars were notified. An officer in the vicinity of the shopping center within a few minutes observed a burgundy colored car proceeding north on Wadsworth Avenue and he alerted other police vehicles while turning around to follow this car. Several police cars converged and signaled the car to stop which it did. It was occupied by defendants Walker as driver and Dyson as passenger. The back seat was occupied with numerous suits of men's clothing. A large number of such suits had been removed from Joslin's store through a broken window.

Defendants testified denying the charges and explaining that the suits had been acquired in a transaction

about 11:30 p.m. with a person in an automobile at the intersection of Wadsworth and Alameda. This stranger, the testimony was, had offered to sell suits to Walker, and Walker had paid $90 for about thirty suits.

■ Defendants contend that error was committed in the denial of their motion to suppress the alleged stolen property as evidence on the ground that it was obtained by illegal search and seizure. This contention is not well taken, since the officers had ample probable cause to believe that a burglary had been committed and based upon time, proximity to the scene, and color of car, that the occupants of this car were the perpetrators. *People v. Kennard,* 175 Colo. 479, 488 P.2d 563. Upon stopping the car to identify the occupants, the stolen suits were observed in plain view in the rear of the car. Thereafter, the trunk of the car was searched without a warrant. Under *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, the warrantless search was justified. The police officers had probable cause to search the vehicle, and they were confronted with the alternative of having to seize the car and hold it until a search warrant could be obtained or searching the car without a warrant. Given these circumstances, warrantless searches of automobiles are justified regardless of whether or not the searches are "incident to arrest." *People v. Woods,* 175 Colo. 34, 485 P.2d 491 (1971).

■ It is also contended that there was insufficient evidence to go to the jury in view of defendants' testimony explaining the possession of the stolen property. It was for the jury to make reasonable inferences from the possession of the stolen property recently after the theft and to credit or not to credit the explanation of the possession by defendants.

Other alleged errors relied upon for reversal are not substantial nor do they merit discussion.

The judgment is affirmed.

EDWARD J. BYRNE, District Judge*, participating.

MR. JUSTICE DAY and MR. JUSTICE HODGES not participating.

*District Judges sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.