## HORACE L. EDWARDS *v.* STATE OF MARYLAND

[No. 150, September Term, 1971.]

*Decided December 3, 1971.*

The cause was argued before MURPHY, C. J., and THOMPSON and CARTER, JJ.

*Gerald A. Kroop* for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Jerry H. Hyatt, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Horace L. Edwards, the appellant, presents a number of arguments as to why his convictions for violations of the narcotics laws by the Criminal Court of Baltimore should be reversed. Since we agree that the affidavit failed to show probable cause for the issuance of the search warrant, it will be unnecessary for us to consider the other contentions. At the outset we express our regret for the necessity of reversing these convictions of a drug dealer, upon whom the trial judge saw fit to impose sentences totaling twelve years, simply because the officers who prepared the affidavit obviously were not provided with necessary legal assistance in performing this task.

We quote the affidavit at its entirety:

> "AFFIDAVIT in support of a Search and Seizure Warrant for the premises known as 1210 McElderry Court apartment A-3 which is kept, rented, used or occupied by a colored male known as Horace and a C/F one Brenda Stokes.
>
> "By: Officer Robert Cohen and Leonard Santivasci Eastern Special Operations.
>
> "After receiving information concerning Narcotics Violations being committed at 1210 McElderry Court Apartment A-3 we sent a informant who has been reliable in the past giving information in 12 cases of Narcotic violations to this location. He stated he was admitted to the apartment by a colored female known to him as Brenda Stokes and once inside he met a colored male known to him as Horace. He stated he had a conversation with Horace about trying to buy drugs. Horace stated he had just got some good stuff in, but it wasnt ready yet and they walked into the kitchen and the informant observed empty glassine bags on the table along with measuring spoons and a quantity of white powder. The subject Horace stated it would be a while before he could do anything

for him and that when he was ready it would be on the street with his dealers and not to come to the house as he didnt want him there. The informant is familiar with the gelatin caps and envelopes used in the Narcotic operations as he is a addict himself.

"Because the source of information to the affiants mentioned in the opening paragraphs has given information to the affiants on previous occasions and which was correct and because this same information is given by other sources we believe that there are now illicit narcotic drugs and paraphernalia being secreted in the house by Horace and Brenda Stokes and they are with full knowledge and consent letting the premises be used for the purpose of selling Narcotic drugs.

/s/ Officer Robert Cohen
/s/ Officer Leonard Santivasci

"SUBSCRIBED TO AND SWORN TO BEFORE ME THIS 30 DAY OF SEPT 1970."

It will be noted the affidavit fails to state the time of the events relied upon to show probable cause; thus there is no way the magistrate could determine there was probable cause to believe that the premises involved contained contraband on the date the warrant was issued. Although the precise issue does not seem to have been considered by the Supreme Court of the United States, nor by the Courts of Maryland, courts throughout the country seem to be in agreement that such an omission precludes the finding of probable cause on which to base the issuance of a warrant. The cases collected in 100 A.L.R.2d 527 and in the Latter Case Service of that publication show such unanimity, citation of other authority is unnecessary.

There are a few cases which have held a warrant valid despite the failure of the affidavit to give dates of the occurrences where other allegations enabled those courts

to find that the observations had been recent. See for examples, *Borras v. Fla.* (Supreme Court of Florida), 229 So. 2d 244, (use of present tense in the affidavit alleging violations occurring up to the time the warrant was issued) ; *State v. Taylor,* 28 Conn. Supp. 19, 246 A. 2d 898; (the totality of the circumstances showed the events were recent) ; and *Sutton v. Texas,* (Court of Texas Criminal Appeals) 419 S.W.2d 857, (the use of the word "recently" was held sufficient). In a different context see *Bell v. State,* 200 Md. 223, 88 A. 2d 567. This principle does not assist us in the instant case. The only parts of the warrant which arguably support a rational inference that the premises contained prohibited substances at the time the warrant was issued is the use of the phrase "being committed" in the first sentence of the body of the affidavit, and the conclusion of the officers at the end of the affidavit, that there are "now illicit narcotic drugs and paraphernalia being secreted in the house." Of course it is elementary that conclusions of police officers are unimportant where the affidavit fails to give facts to support those conclusions. The conclusion must be that of the magistrate. *Brooks et al. v. State,* 13 Md. App. 151, 282 A. 2d 516. While the phrase "being committed," referred to above, is in the present tense, its frame of reference is such that the officers could have received the information months, or indeed years, prior to the execution of the affidavit. In making this analysis we must, of course, look only to the affidavit itself. We may not go outside of it. *Scarborough v. State,* 3 Md. App. 208, 216, 238 A. 2d 297.

Although the rule set forth by the Supreme Court in *United States v. Ventresca,* 380 U. S. 102, 85 S. Ct. 741, 13 L.Ed.2d 684, directs that warrants be interpreted in a common sense and not in a hypertechnical manner, *Buckner v. State,* 11 Md. App. 55, 272 A. 2d 828, this does not mean that we are free to overlook the overwhelming mandate of the authorities that the affidavit, must in some manner state the time when the facts alleged therein occurred, especially when the cases are

based on sound reasoning. If the magistrate is not informed when the event occurred, it is obviously impossible for him to determine that probable cause presently exists and the constitutional requirement for a warrant might as well be abolished.

A number of other arguments attacking the search warrant have been urged upon us; we need not and do not consider them. We do point out better practice requires such an affidavit more clearly set out the reliability of informants.

Again, we emphasize, at least in cases as important as this, that some procedures should be invoked so that the affidavits and search warrants are prepared by persons with legal competence in the field.

Since there is no possibility of convicting the appellant without the evidence seized pursuant to the invalid warrant, we will reverse the case without awarding a new trial.

*Judgments reversed.*