No. 24872

The People of the State of Colorado v.
David Goggin and Fern K. Goggin
(492 P.2d 618)

Decided January 10, 1972.

19

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Special Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave, III, Deputy, for defendants-appellants.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Defendants were charged with the crime of possession of marijuana. They filed a motion to suppress evidence obtained by police officers during a search made with a warrant. The trial court denied the motion after an evidentiary hearing. The matter then went to trial to the court and defendants were convicted.

The attorney general confesses error, and states to the Court that in his opinion the affidavit upon which the search warrant was issued is fatally defective in that it does not state

underlying facts and circumstances, but rather states only conclusions of the attesting officer. We agree and we reverse and remand.

■ Article II, Section 7 of the Colorado Constitution requires that no warrant to search may be issued without probable cause supported by oath or affirmation reduced to writing.

■ Early in 1963, this Court in *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996, stated that before the issuing magistrate can properly perform his function he must be apprised of *underlying facts and circumstances* from which he, as a *neutral and detached judicial officer,* could determine whether reasonable cause exists to issue the warrant. We have many times, and as recently as *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369 (1971), reiterated this doctrine as commanded by *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723.

■ In the case at bar, the affidavit contained only a statement that the officer had reasonable cause to believe that the marijuana in question was dug up out of a container in one house and transplanted to another house rented by "suspect" (no name given). No facts are stated in the affidavit to support the officer's conclusion that the marijuana was dug up out of one house and transplanted to another. Nor is there any connection stated in the affidavit between the first house and the second house. The determination by the magistrate whether reasonable cause exists to issue a search warrant must be made from within the four corners of the affidavit. *People v. Brethauer, supra.* The finding of the trial judge concerning information in possession of the police officer not contained in the affidavit cannot bolster the affidavit. It, standing alone, must contain the underlying facts and circumstances giving rise to "reasonable cause."

The judgment is reversed and the cause remanded to the trial court.