No. 25189

## The People of the State of Colorado v. David James Padilla
(511 P.2d 480)

Decided June 25, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jack E. Hanthorn, Assistant, Robert C. Lehnert, Assistant, for plaintiff-appellee.

William W. Downs, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE LEE.

David James Padilla was convicted by a jury in the Jefferson County district court of possession of narcotic drugs in violation of C.R.S. 1963, 48-5-2. He asserts the trial court committed numerous prejudicial errors which require reversal of his judgment of conviction. We agree that prejudicial error was committed in the failure of the trial court to grant Padilla's motion to suppress evidence and we therefore reverse.

The facts and circumstances giving rise to the seizure of the marijuana which formed the basis of defendant's conviction are summarized hereafter. The Lakewood police suspected that defendant was trafficking in marijuana and that the drug was stored in an automobile owned by defendant, which he kept on the parking lot of the place of his employment. Officer Stewart and one Sylvia Mason (a confidential informant) had purchased marijuana from the

defendant on two prior occasions. On the basis of this experience, Officer Stewart sought to obtain a search warrant from the county court authorizing a search of the defendant's vehicle. We hold that Officer Stewart's affidavit did not comply with constitutional requirements and was therefore insufficient to support the issuance of the search warrant pursuant to which the defendant's vehicle was searched and the incriminating drugs were seized.

In obtaining the search warrant, Officer Stewart presented the county judge with an unsigned affidavit which the court initially found to be insufficient. After discussion between the officer and the judge in order to develop additional facts and circumstances to show probable cause, the judge amended the affidavit by inserting therein in his own handwriting additional facts, after which Stewart signed the affidavit under oath. The search warrant then issued.

We set forth the body of the affidavit in *haec verba,* showing the judge's handwritten insertions in italics:

"The undersigned, an officer authorized by law to execute warrants within the County of JEFFERSON State of Colorado, being duly sworn deposes and says: That he (has reason to believe) that on *in* the vehicle known as _____

in the County of JEFFERSON State of Colorado, there is now located certain property, to wit: A 1969 Chevrolet, Bearing Colorado *1970* License AW 8400, *parked in the Lemon Tree Parking Lot 11495 West Colfax Avenue, name of owner being unknown, but believed to be David J. Padilla.* Certain property which is designed or intended for use of which is or has been used as a means of committing a criminal offense, or the possession of which is illegal, or which would be material evidence in a subsequent criminal prosecution, and the facts tending to establish the foregoing grounds for issuance of a search warrant are as follows:

"1. Defendant has made two sales of Marihuana to writer and confidential informant.

"2. Each time he left the Lemon Tree and went to the rear of the parking lot.

"3. His vehicle was parked in the rear of the lot.

"4. When he returned he had marihuana in his possession.

"5. *That said vehicle is now, and at this time parked on said parking lot and that said seller of said Narcotic Drug is at present in said Lemon Tree Lounge, and that affiant has probable cause to believe that said Narcotic Drug is now within said vehicle.*

/s/"*Kenneth L. Stewart*
Signature of Affiant."

Officer Stewart and his confidential informant, armed with the warrant, proceeded to the defendant's place of employment, the Lemon Tree Lounge, where the warrant was served upon defendant and defendant was then placed under arrest. Defendant's vehicle was then searched and nine "lids" of marijuana were seized.

I.

It is fundamental under our constitution that in order to support the issuance of a search warrant the issuing magistrate must be apprised of sufficient underlying facts and circumstances, reduced to writing, under oath, from which he may reasonably conclude that probable cause exists for the issuance of the warrant. Colo. Const. art. II, § 7; *People v. Brethauer,* 174 Colo. 29, 482 P.2d 369; *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996. In determining whether the affidavit is sufficient, the magistrate must look only within the four corners of the affidavit. Verbal communications to the magistrate of additional supporting information cannot correct an affidavit which is basically deficient in its statement of the underlying facts and circumstances relied upon. *Brethauer, supra.*

Ignoring the lack of clarity in the composition of the affidavit, it is glaringly deficient in the following particulars. It asserts a "defendant," unnamed, made two sales of marijuana to the writer (affiant) and a confidential informant. There is no reference to any pending case from which the identity of the defendant might be established. Of course, this proceeding against the defendant Padilla had not been commenced at the time the affidavit was executed. Further,

and more significant, there is no time reference as to when the purchases of marijuana were made from the unnamed seller. It is not known from a reading of the affidavit whether the sales were recent in time or so remote as to be of no support for a reasonable conclusion that narcotics were then present in the car to be searched. *Rosencranz v. United States,* 356 F.2d 310 (1st Cir. 1966); *McMiken v. State,* 127 Ga. App. 66, 192 S.E.2d 716: *Edwards v. State,* 13 Md. App. 546, 284 A.2d 10; *Jarvis v. State,* 507 P.2d 918 (Okla. Ct. Crim. App. 1973); *Commonwealth v. Simmons,* 301 A.2d 819 (S. Ct. Pa. 1973). *See also, Annot.* 100 A.L.R.2d 525, § 3, and Later Case Service.

In *People v. Schmidt,* 172 Colo. 285, 473 P.2d 698, which the People cite in support of the affidavit here, there was a specific time reference, which is absent here. The *Schmidt* affidavit showed a lapse of only five days from the last observation of the narcotic drug in the premises to be searched, until the date of the affidavit and search warrant. We do not have here, as in *Schmidt,* a series of transactions extending over a period of time from which a reasonable inference could be drawn that probably continued illegal activity was taking place. *Schmidt, supra,* lends no support to the People's position here.

It is apparent from the record that after the initial rejection of the affidavit the officer and the county judge in their effort to bolster the affidavit did discuss in detail the factual background which led the officer to seek the search warrant. Their failure to include these details, however, renders the affidavit inadequate.

We are not unaware that "technical requirements and elaborate specificity" are not required in the drafting of affadavits for search warrants. *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684. However, under our constitutional safeguards, verbal communication of facts, as contrasted with written communication, will not suffice, nor will the affiant's conclusory declaration that he has probable cause add strength to the showing made. *People v. Peschong,* 181 Colo. 29, 506 P.2d 1232; *People v. Goggin,* 177 Colo. 19, 492 P.2d 618; *People v. Brethauer, supra.*

The language of *Rosencranz v. United States,* 356 F.2d 310 (1st Cir. 1966), is particularly appropriate to the present case:

"While we might give lip service to principle and yet uphold the warrant as a 'doubtful or marginal' case, we do not think this would be a service either to the conduct of law enforcement or the protection of citizens' rights. Such a disposition of this case would, we feel, needlessly enlarge the area of uncertainty and litigation.

"We conclude that a combination of undated, conclusory information from an anonymous source and an undated general allegation of personal observation by the affiant, *with no other reasonably specific clues to the time of their happening, is inadequate.* We do not think this is being hypertechnical, legalistic, or insistent on a requirement of 'elaborate specificity once executed by common law pleadings.' Police officers have long been accustomed to the importance of time; to their credit, the overwhelming majority of affidavits have honored the requirement.

"We are aware of the vast amount of painstaking care invested by the district court in two trials to date. Nevertheless, having carefully considered both precedent and policy, we are constrained to hold the affidavit and therefore the warrant, search, resulting evidence, and judgment invalid." (Emphasis added.)

In our view the affidavit failed to support a conclusion that probable cause existed for the issuance of the search warrant.

## II.

The People argue that even if the search warrant was invalid, the search of defendant's automobile was justified as a proper search incident to a lawful arrest. We do not agree.

The record shows that defendant was arrested while inside the Lemon Tree Lounge and immediately placed in custody. There was no danger, therefore, of his destroying any evidence in the car, since he was in police custody and the car was obviously not within the area of his immediate control. *People v. Singleton,* 174 Colo. 138, 482 P.2d 978; *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23

L.Ed.2d 685. Nor can the search of defendant's car be justified simply because it is an automobile. The underlying rationale of *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, and all the cases following it, is that a warrantless search of an automobile is justified only in situations where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564; *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; *Lewis v. Cardwell,* 354 F. Supp. 26 (1972); *In Re J.R.M.,* 487 S.W.2d 502 (S.Ct. Mo. 1972); *Commonwealth v. Heard,* 301 A.2d 870 (S.Ct. Pa. 1973); *Stoddard v. State,* 475 S.W.2d 744 (Ct. Crim. App. Tex. 1972). In the present case the record discloses no exigent circumstances supporting a warrantless search of defendant's automobile. We do not find the cases cited by the People as dispositive of the issue here, in that the fact situation in those cases involved arrests of suspects who were in automobiles stopped on the highways. *People v. Chavez,* 175 Colo. 25, 485 P.2d 708; *People v. Woods,* 175 Colo. 34, 485 P.2d 491.

The judgment is reversed and the cause remanded with directions to grant the defendant a new trial.

MR. JUSTICE DAY, MR. JUSTICE KELLEY and MR. JUSTICE GROVES concur.