147 N.J. Super. 258 (1977)
371 A.2d 108
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
PAUL CHRISTOW, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 14, 1976.
Decided January 27, 1977.
*259 Before Judges CRANE, MICHELS and PRESSLER.
Mr. C. Judson Hamlin, Middlesex County Prosecutor, attorney for appellant (Mr. Allen P. Comba, Assistant Prosecutor, on the brief).
Mr. Stanley C. Van Ness, Public Defender, attorney for respondent (Mr. Morton L. Anekstein, First Assistant Deputy Public Defender, on the brief).
The opinion of the court was delivered by MICHELS, J.A.D.
This court granted leave to the State to appeal from an order of the Law Division suppressing evidence, consisting of over 25 grams of marijuana seized by Woodbridge Township police in defendant's home, pursuant to a search warrant. The search warrant in question recited that there was certain property located in defendant's home "in violation of the criminal laws of the State of New Jersey, more particularly those relating to The New Jersey Controlled Dangerous Substance Act, specifically 24:21-20(al) and 24:21-20(a4)," and authorized the police to enter that home and search for the "property specified." The warrant acknowledged a supporting affidavit, executed by a Woodbridge police detective, which particularly described the premises in question and the facts establishing the ground for the application and stated that the detective had probable *260 cause to believe that defendant possessed "[a]pproximately thirty five pounds of marijuana."
At the suppression hearing defendant successfully challenged the search warrant by asserting that the statutory references contained therein did not satisfy the Fourth Amendment requirement that the things to be seized be particularly described. We find no substance to this argument.
There is no question that the affidavit provided by the Woodbridge police described with sufficient particularity the place to be searched and the things to be seized, and that there was probable cause for the issuance of the search warrant.[1] Moreover, we find no substantial defect in the warrant itself. In reaching this conclusion, we bear in mind the Fourth Amendment's command that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." See also, N.J. Const. (1947), Art. I, par. 7. But we recognize as well that the authors of the Bill of Rights intended that language to serve as a safeguard to the people against "general searches and unrestrained seizures by officers acting under the unbridled authority of a general warrant." State v. Muldowney, 60 N.J. 594, 600 (1972).
General warrants, of course, are prohibited by the Fourth Amendment "[T]he problem [posed by the general warrant] is not that of intrusion per se, but of a general, exploratory rummaging in a person's belongings.... [The Fourth Amendment addresses the *261 problem] by requiring a `particular description' of the things to be seized." Coolidge v. New Hampshire, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971). This requirement "`makes general searches ... impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.'" Stanford v. Texas, 379 U.S. 476, 485, 85 S.Ct. 506, 512, 13 L.Ed.2d 431 (1965), quoting Marron v. United States, 275 U.S. [192] at 196, 48 S.Ct. [74], at 76 [72 L.Ed. 231]. [Andresen v. Maryland, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627, 642 (1976)]
We do not find that the warrant in this case, by utilizing a statutory reference to N.J.S.A. 24:21-20(a) (1) and a (4) rather than a listing of drugs, described with any less particularity the things to be seized. N.J.S.A. 24:21-20a (1) refers generally to controlled dangerous substances classified as Schedule I through IV drugs and listed in N.J.S.A. 24:21-5 through 8. Included within the list of prescribed Schedule I substances is marijuana. N.J.S.A. 24:21-5(e) (10). N.J.S.A. 24:21-20(a) (4) refers only to marijuana and hashish. Thus, the two statutes referred to in the warrant must be read as authorizing only the search for and seizure of controlled dangerous substances including marijuana.
Nor, under these facts, did the use of a statutory reference give rise to an unrestricted search of defendant's home. Clearly, probable cause existed for the seizure of marijuana, and it was marijuana only that the officer executing the warrant seized. Cf. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); People v. McGill, 187 Colo. 65, 528 P.2d 386 (Sup. Ct. 1974); People v. Mangialino, 75 Misc. 2d 698, 348 N.Y.S.2d 327 (Cty. Ct. 1973).
Other courts have also upheld the seizure of controlled dangerous substances, related materials and drug paraphernalia authorized by warrants containing similar statutory references. See, e.g., State v. Hamilton, Iowa, 236 N.W.2d 325, 326-328 (Sup. Ct. 1976) ["hashish, a Schedule I controlled substance, and any and all controlled substances *262 as defined in [Chapter] 204 of the 1973 Code of Iowa"]; People v. Schmidt, 172 Colo. 285, 473 P.2d 698, 699-700 (Sup. Ct. 1970), ["Marijuana, (Cannabis Sativa L.) Dangerous Drugs, Stimulant Drugs, and Hallucinogenics, as defined in House Bill #1021 as enacted by the General Assembly of the State of Colorado"]; State v. Quintana, 87 N.M. 414, 534 P.2d 1126, 1128-1130 (Ct. App. 1975), cert. den. 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975) ["any and all controlled substances which may be kept there contrary to law"]. See also, People v. Leahy, 173 Colo. 339, 484 P.2d 778, 781 (1970); People v. Mangialino, supra; 68 Am. Jur.2d, Searches and Seizures, § 82 at 736-737.
Defendant relies upon State v. Muldowney, supra, to support the trial court's order suppressing the marijuana seized under the warrant. In Muldowney the Supreme Court suppressed the fruits of a search authorized by a warrant referring to an obscenity statute as an insufficiently particularized general warrant. We are satisfied that the present case is distinguishable. Unlike Muldowney, protection of defendant's constitutional rights here were not left to the whim of the executing officers. Rather, the warrant under attack was sufficiently definite so that the officers executing it could identify the property sought with reasonable certainty. Nothing was left to their discretion.
Accordingly, we reverse the order of the Law Division suppressing the items seized pursuant to the search warrant.
NOTES
[1] The fact that an affidavit is sufficiently explicit does not validate an otherwise invalid warrant unless the affidavit accompanies the warrant and is incorporated in the warrant by suitable words of reference. See Moore v. United States, 149 U.S. App. D.C. 150, 461 F.2d 1236, 1238 (1972); Frey v. State, 3 Md. App. 38, 237 A.2d 774, 780 (Ct. App. 1968); Cf. United States v. Snow, 9 F.2d 978, 979 (D. Mass. 1925). Here there is no evidence that the affidavit was attached to or accompanied the warrant when executed by the Woodbridge police.