FILED
United States Court of Appeals
Tenth Circuit

November 2, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRYANT DAREAL GRIFFIN,

Defendant - Appellant.

No. 11-1497

D. Colorado

(D.C. No. 1:10-CR-00538-PAB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

I.     **Introduction**

After Bryant Griffin's motion to suppress evidence seized during a search of his residence was denied, he pleaded guilty to one count of being a felon in

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to thirty months' imprisonment, the bottom of the advisory guidelines range. On appeal, Griffin challenges the denial of his motion to suppress. He also challenges the sentence imposed by the district court, arguing the court erred in denying both his request for a downward departure under § 5H1.4 of the United States Sentencing Guidelines ("U.S.S.G.") and his request for a variant sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we **affirm** Griffin's conviction and sentence.

## II. Background

The search Griffin challenges in this appeal was conducted pursuant to a warrant signed by a state magistrate judge. The affidavit supporting the warrant was prepared by Joshua Mohlman, an officer with the Aurora, Colorado police department. In the affidavit, Officer Mohlman recounted a conversation he had with Officer Bob Benner regarding a citizen informant's tip about "constant activity" at a home located at 1748 Fulton Street in Aurora. Officer Benner identified appellant Griffin as a resident of the home. Because short-term traffic at a residence can indicate illegal drug activity, Officer Benner conducted surveillance on the residence during the afternoon hours of April 28, 2010. He observed five vehicles stop at the residence and remain for no longer than five minutes before leaving the area.

On June 4, 2010, Officer Mohlman and a second officer collected three large plastic garbage bags from the alley near the back fence of the Fulton Street residence. The bags contained two insurance documents addressed to Griffin and thirty-one clear plastic sandwich baggies. Two of the corners of each baggie had been cut off. Mohlman recognized this as a common method used to package illegal drugs. The officers also seized additional clear plastic baggies containing white residue that tested positive for cocaine.

Mohlman testified that his affidavit and warrant application were reviewed by both his supervisor and the district attorney. Although the copy of the affidavit admitted into evidence was not signed by Mohlman, he testified he swore to the contents of the warrant application when he appeared before the issuing judge.

The warrant was executed on June 9, 2010. While other officers conducted the search, Mohlman questioned Griffin who was standing outside the residence on the porch. Griffin voluntarily told Mohlman there was a shotgun underneath his bed. After officers located the weapon, Griffin was Mirandized and arrested. In the plea agreement, the parties stipulated the Government's evidence would show the following:

> On June 9th, 2010, Aurora PD served a search warrant at 1748 Fulton Street, Aurora, CO. Based upon the evidence located at the residence, a Mossberg Model 500, 12-gauge shotgun, the defendant, Bryant Dareal Griffin Sr., was subsequently arrested on a state firearm violation. During the search, Griffin admitted he had a

shotgun under his bed. Griffin was then advised of his *Miranda* rights and again stated he had a Mossberg shotgun located under his bed. Griffin was asked if he knew he was a convicted felon and couldn't possess a firearm and he confirmed that was true. . . . The Mossberg shotgun that was recovered pursuant to the search warrant was manufactured out of Colorado, and [Griffin] has at least one felony conviction.

A federal indictment charged Griffin with three firearm crimes, including being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1).

Griffin moved to suppress the evidence obtained as a result of the search of his residence. He argued the affidavit supporting the warrant did not establish probable cause for the search because it did not establish a fair probability that evidence of drug trafficking would be found in the residence. The district court denied the motion, concluding probable cause was "amply stated." In the alternative, the court concluded the *Leon* good-faith exception applied because Officer Mohlman acted in good faith and reasonably relied on the warrant. *See United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000) (applying *United States v. Leon*, 468 U.S. 897, 922 (1984), and holding evidence obtained during the execution of a warrant not supported by probable cause "need not be suppressed if the executing officer acted with an objective good-faith belief that the warrant was properly issued by a neutral magistrate"). The court noted Officer Mohlman

put this particular warrant through a number of independent checks, a DA signed off on it which goes directly to a good faith reliance on the officer's part on the validity of the warrant. He had someone in

his office review it as well and the judge signed it.  Moreover, the warrant itself as I just found isn't defective in any way, shape or form.

The district court also rejected Griffin's argument that the evidence should be suppressed because the copy of Mohlman's affidavit produced by the Government was unsigned.  The court concluded Fed. R. Crim. P. 41, even if applicable to a warrant requested by a local law enforcement officer as part of a nonfederal investigation and issued by a state magistrate judge, does not require that an affidavit in support of a search warrant be signed.  Further, Officer Mohlman testified that he could not specifically recall signing the affidavit but it is his habit and practice to sign search warrant affidavits.  He also testified he swore to the warrant application when he appeared before the state magistrate judge.  Based on Mohlman's testimony, the district court concluded the submission of an unsigned warrant application did not indicate any violation of the Fourth Amendment.

After the district court denied his suppression motion, Griffin pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and reserved his right to appeal the denial of his motion.  In the written plea agreement, the Government agreed to dismiss the remaining two counts and to stipulate that (1) the obliterated serial number on the shotgun Griffin possessed and (2) his knowledge that the barrel length was less than eighteen inches were not "readily provable" and should not be used to enhance his

sentence. A Presentence Investigation Report ("PSR") was prepared in anticipation of sentencing. Griffin's total offense level was calculated at twelve and included a two-level decrease under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. The allegation Griffin possessed a short-barreled shotgun was not reflected in the base offense level applied by the PSR. *See* U.S.S.G. § 2K2.1(a)(5) (establishing a base offense level of eighteen if the defendant possessed, *inter alia*, a short-barreled shotgun). Griffin's eight criminal history points placed him in criminal history category IV, resulting in an advisory guidelines range of twenty-one to twenty-seven months. The PSR recommended a sentence at the top of the advisory guidelines range, in part because Griffin possessed a short-barreled shotgun and that fact was not taken into consideration when setting his base offense level.

Griffin filed a motion objecting to statements in the PSR and requesting both a downward departure and a downward variance. As justification for the downward departure, Griffin argued he suffers from serious medical conditions that cannot be adequately managed by the Bureau of Prisons. *See* U.S.S.G. § 5H1.4 ("An extraordinary physical impairment may be a reason to depart downward . . . ."). As to his request for a downward variance, Griffin argued a consideration of the factors set out in 18 U.S.C. § 3553(a) warranted a non-guideline sentence.

At the sentencing hearing, the district court determined Griffin's base offense level was eighteen, not fourteen as set out in the PSR, because the weapon he possessed had a short barrel. *See* U.S.S.G. § 2K2.1(a)(5); 26 U.S.C. § 5845(a). After reducing the base offense level by three levels for acceptance of responsibility, the court found Griffin's total offense level was fifteen and his criminal history category was IV, resulting in an advisory guidelines range of thirty to thirty-seven months' imprisonment. The court refused to depart downward from that advisory range based on Griffin's physical condition, concluding "his medical conditions, while quite serious, don't justify some type of a departure from the guideline range." Griffin's request for a downward variance was also denied and the court sentenced him to thirty months' imprisonment, the bottom of the advisory guidelines range.

Griffin now appeals the denial of his motion to suppress and raises multiple challenges to the sentence imposed by the district court.

## III. Discussion

### A. *Motion to Suppress*

Whether a search was reasonable under the Fourth Amendment is a legal question this court reviews de novo. *United States v. Grimmett*, 439 F.3d 1263, 1268 (10th Cir. 2006). Here, Griffin argues the district court should have granted his motion to suppress because the warrant application was insufficient to establish probable cause to search his home for evidence of drug trafficking.

"Probable cause to issue a search warrant exists only when the supporting affidavit sets forth facts that would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir. 2001). Our review of the probable cause ruling by the judge who issued the search warrant is highly deferential. *See United States v. Haymond*, 672 F.3d 948, 958 (10th Cir. 2012). We examine "the totality of the circumstances presented in the affidavit" to determine whether the issuing judge had a "substantial basis for determining that probable cause existed." *Id*. at 958-59 (quotations omitted).

At the outset, we reject Griffin's argument that Officer Mohlman's affidavit is deficient because the copy admitted during the suppression hearing was unsigned. He alleges this was a violation of Fed. R. Crim. P. 41[1] and rendered the issuance of the warrant unconstitutional. There are multiple shortcomings to Griffin's argument.[2] First, Officer Mohlman is a state law enforcement officer.

---

[1]Fed. R. Crim. P. 41 was amended in 2011. All citations used in this opinion are to the version of the Rule in effect at the time of the search in 2010.

[2]For the first time in his appellate reply brief, Griffin argues that Colorado law requires an affidavit submitted in support of a search warrant to be signed. *See People v. Padilla*, 511 P.2d 480, 482 (Colo. 1973). Even assuming Colorado law imposes such a requirement, Griffin's brief does not address Officer Mohlman's uncontroverted testimony that the unsigned affidavit submitted to the district court was only the file copy and it was his habit and practice to sign supporting affidavits. In any event, because this state-law argument was not presented to the district court, it is not preserved. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).

Rule 41, by its express text, is applicable in situations "[w]hen a *federal* law enforcement officer or an attorney for the government presents an affidavit in support of a warrant." Fed. R. Crim. P. 41(d)(2)(A) (emphasis added); *see also United States v. Larson*, 63 F. App'x 416, 422 (10th Cir. 2003) (unpublished disposition) ("Rule 41(c)(2) is inapplicable since the search warrant was requested by a state law enforcement officer and issued by a state court judge."). Second, the Rule does not require a signed affidavit when the warrant is requested in the issuing judge's presence. Under those circumstances, the issuing judge "may wholly or partially dispense with a written affidavit and base a warrant on sworn testimony." *Id.* at 41(d)(2)(B). Here, the district court found that Officer Mohlman was placed under oath when he presented the affidavit to the state judge. Although Griffin argues there is no recording of the colloquy between the issuing judge and Officer Mohlman, he has not pointed this court to any record evidence that contravenes the district court's finding. Finally, contrary to Griffin's argument, a technical violation of Rule 41 does not result in suppression of evidence unless the defendant can also show "prejudice in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed" or "evidence of intentional and deliberate disregard of a provision in the rule." *United States v. Rome*, 809 F.2d 665, 669 (10th Cir. 1987) (quotations omitted). Griffin has made no such showing.

Having concluded the issuing judge was entitled to rely on Officer Mohlman's affidavit, we fully agree with the district court that the affidavit established probable cause. The affidavit noted the investigation began when Officer Benner received an anonymous tip from a citizen, describing "constant activity" at 1748 Fulton Street. Using the Aurora Police Information System, Benner was able to identify Griffin as a resident of the home because police contacted him at the address during six calls for service between December 2009 and January 2010. Benner then located two drug related convictions for Griffin, both for possession of a controlled substance with intent to distribute. Believing that the constant activity described by the confidential informant could be drug-related, Officer Benner conducted surveillance on the home and observed short-term traffic during the afternoon hours. The affidavit specifically noted that such short-term traffic "can be an indicator of drug related activity."

Officers thereafter contacted an adult male at the Fulton Street address who identified himself as Thomas Scott and told the officers he lived at the address with Griffin and Griffin's girlfriend. Later that evening, officers collected garbage from the alley near the back fence of the address. Among the garbage were two insurance documents addressed to Griffin and thirty-one clear plastic sandwich baggies. The two closed corners on each of these baggies were cut off. In the affidavit, Officer Mohlman, stated this is a common method for packing illegal drugs for distribution. Officers also located small plastic baggie corners

and several baggies containing a white residue. The residue presumptively tested positive for cocaine.

Griffin summarizes the information in the affidavit as consisting simply of "evidence of prior convictions combined with location of drug residue in an alley." This summarization is incomplete. The affidavit also describes activity at the Fulton Street address consistent with the sale of illegal drugs. It details how officers connected Griffin to both the residence and garbage collected from the alleyway near the back fence of the residence. It also asserts the garbage included baggies that were altered in a way consistent with the packaging of illegal drugs and others that contained cocaine residue. A review of Officer Mohlman's affidavit would lead a prudent person to believe a fair probability existed that evidence of drug trafficking would be found in Griffin's residence. Accordingly, the district court did not err by denying his motion to suppress.

*B. Sentencing*

Griffin raises four challenges to the sentence imposed by the district court, asserting it is both procedurally and substantively unreasonable. This court "review[s] sentences for reasonableness under a deferential abuse-of-discretion standard." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008). Reasonableness review has both a procedural and a substantive component. *Id.* "In reviewing a criminal defendant's sentence for procedural reasonableness, we determine whether the district court committed any error in

-11-

calculating or explaining the sentence." *United States v. Martinez*, 610 F.3d 1216, 1223 (10th Cir. 2010) (quotation omitted). Legal conclusions are reviewed de novo and factual findings are reviewed for clear error. *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012). "Substantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Damato*, 672 F.3d 832, 838 (10th Cir. 2012) (quotation and alteration omitted). The substantive reasonableness of a sentence is reviewed for abuse of discretion, *id.*, and a sentence within a properly calculated guidelines range is presumed reasonable. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

We can quickly dispose of Griffin's argument that the district court erred by refusing to grant him a downward departure under § 5H1.4 of the Guidelines. A review of the sentencing transcript confirms the district court recognized it had the discretion to depart on the basis of Griffin's physical condition but elected not to exercise that discretion. This court lacks jurisdiction "to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure." *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005). Accordingly, we do not reach Griffin's § 5H1.4 argument.

Griffin next argues his sentence is procedurally unreasonable for two reasons: (1) the district court erroneously applied a base offense level of eighteen

-12-

based on his possession of a short-barreled shotgun and (2) the court erroneously enhanced his sentence based on its finding he made his living selling cocaine. A base offense level of eighteen applies "if the offense involved a firearm described in 26 U.S.C. § 5845(a)." U.S.S.G. § 2K2.1(a)(5). Such firearms include shotguns "having a barrel or barrels of less than 18 inches." 26 U.S.C. § 5845(a). Griffin argues the district court's factual finding on this matter is clearly erroneous because "the length of the barrel was not a clear-cut fact proven by a preponderance of the evidence justifying a base offense level of eighteen." At the change of plea hearing, Special Agent Christopher Amon from the Bureau of Alcohol, Tobacco, and Firearms testified that the barrel of the shotgun possessed by Griffin was 15.25 inches long. Although Griffin's counsel argued the length of the barrel should be measured by including the length of the chamber, Agent Amon testified the proper way to measure the length under the National Firearms Act is "[f]rom the closed bolt position." Specifically, Amon stated: "[Y]ou close the bolt to a 12 gauge shotgun, stick a rod down where it ends, mark it, and then take it out and measure it. In this case it's actually 15 and one quarter inches." At the sentencing hearing, the district court based its finding that Griffin possessed a short-barreled shotgun for purposes of U.S.S.G. § 2K2.1(a)(5) on Agent Amon's testimony. Because there is ample evidence in the record to support that finding, it is not clearly erroneous.

Griffin also argues the district court erred by enhancing his sentence two levels after finding he made his living selling cocaine. We agree with the Government that there is nothing in the record to support Griffin's argument. He has not directed this court to a specific page in the sentencing transcript where the district court discussed such an enhancement and the calculation of Griffin's total offense level reflects only one adjustment: a three-level decrease for acceptance of responsibility. Griffin makes no mention of the Government's response in his reply brief but neither does he withdraw his argument. Because we cannot discern the parameters of Griffin's challenge from his appellate brief, we will not consider it. *United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) ("It is well-settled that arguments inadequately briefed in the opening brief are waived." (quotation and alteration omitted)).

Griffin's final challenge is to the substantive reasonableness of his sentence. Because we have rejected his challenges to the procedural reasonableness of his sentence, the sentence falls within a properly calculated guidelines range. Accordingly, it is entitled to a rebuttable presumption of substantive reasonableness, *United States v. Parker*, 553 F.3d 1309, 1322 (10th Cir. 2009), and Griffin is not entitled to relief unless he can show it is outside the range of sentences the record can "fairly support." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007).

Griffin asserts a weighing of the § 3553(a) factors supports a sentence "considerably smaller" than the one imposed by the district court. He argues a downward variance was appropriate based, *inter alia*, on the nature and circumstances of the offense of conviction, his history and characteristics, and the need to afford adequate deterrence. *See* 18 U.S.C. § 3553(a). As to the nature and circumstances of the offense, Griffin asserts he did not know the firearm he possessed had a short barrel and thus he is less culpable. He also argues his serious medical condition will worsen over time, presenting "an extreme administrative supervision problem" while also making it less likely he will engage in further criminal activity.

After reviewing the record and considering Griffin's appellate arguments, we conclude he has failed to rebut the presumption his sentence is reasonable. The district court fully considered all of Griffin's arguments for a variant sentence within the context of § 3553(a), weighing them against the serious nature of the offense of conviction and his criminal history and ultimately concluding a variant sentence was not justified. The sentence imposed is substantively reasonable.

**IV. Conclusion**

Griffin's conviction and sentence are **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge